Kurt Steven PHILLIPS, Appellant,

v.

Claude Ivory McINTYRE, et al., Appellees.

No. 9674.

Court of Appeals of Texas, Texarkana.

Dec. 12, 1989.

Appellee's Rehearing Overruled and Appellant's Rehearing Granted in Part Dec. 12, 1989.

Appellant's Rehearing Overruled Jan. 3, 1990.

Clinard J. Hanby, Essmyer & Hanby, Houston, for appellant.

Leonard C. Kahn, Kahn & Maierson, Houston, for appellee McIntyre.

J. Preston Wrotenberry, Houston, for appellee Greater Houston Transp. Co d/b/a Yellow Cab Co. of Houston, Inc.

CORNELIUS, Chief Justice.

This is a suit by Kurt Phillips against Claude McIntyre, Yellow Cab Company, and others, seeking damages for personal injuries. Phillips was seriously injured when he and Gary Rich were shot by McIntyre during a confrontation after a traffic mishap involving a Yellow Cab driven by McIntyre and a car occupied by Rich and Phillips.

Phillips asserted liability against Yellow Cab Company on two theories: a Houston city ordinance which allegedly makes the cab company responsible for the torts of its drivers even if the drivers are independent contractors, and the cab company's primary negligence in failing to use reasonable care to see that its drivers did not carry handguns.

Trial was to a jury which found that the cab company, McIntyre, and Phillips were all negligent; their percentages of causation were sixteen percent, forty-two percent, and forty-two percent, respectively; that Phillips was not an employee of the cab company; that McIntyre was operating the cab at the time he shot Phillips and Rich; and that Phillips suffered damages of $3,077,500.00.

The trial court disregarded the jury's finding that McIntyre was operating the cab when the shooting occurred. That action had the effect of denying Phillips a recovery under the city ordinance, even if it would otherwise apply. The trial court also ruled, as a matter of law, that because the shooting was an intentional act on the part of McIntyre, the cab company's own negligence could not be a proximate cause of Phillips' injuries.[1] A take-nothing judgment was rendered in Yellow Cab's favor. Phillips recovered against McIntyre. Only Phillips has appealed.

█ Phillips first asserts that judgment should have been rendered in his favor against the cab company because of the provisions of the Houston City Code governing taxicabs, and on the jury's finding that McIntyre was operating his cab when he fired the shots. We overrule this contention. We conclude that the city code does not impose absolute liability on the cab company for the torts of its drivers, and thus the jury finding that McIntyre was operating the taxi at the time of the occurrence is immaterial.

---

1. McIntyre denied that he intended to inflict Phillips' injuries. He testified that he shot to scare Phillips or to superficially wound him to prevent an attack. The jury found McIntyre's acts to be negligent.

Phillips relies on various provisions of the city ordinance, but especially Section 46–17. It provides, in part, that:

Authorized operators.

*No taxicab* for which a permit has been issued ... *shall be operated* by anyone *except the permittee* or an employee of the permittee *or other person* who may be operating such vehicle *under a written agreement specifically incorporating therein such rules, regulations and conditions as may be required by the director.* The permittee *shall be responsible for anyone operating under his permit* .... Any person driving or operating a taxicab ... *is presumed to be an employee of the permittee* or to have entered into such written agreement.

(Emphasis added.)

Phillips contends that the provision that a permittee shall be responsible for anyone driving under his permit evidences an intention of the ordinance to impose strict liability on the permittee for the torts of the drivers. We disagree. Considering the ordinance as a whole, we construe Section 46–17 as regulatory only and not as imposing strict tort liability. The phrase "responsible for anyone operating under his permit" is used in the code, we believe, in the sense that certain persons are authorized to operate under someone else's permit, but when they are so authorized, the permittee remains responsible to see that those persons comply with the ordinance's regulations. The accuracy of this construction is bolstered, we think, by the fact that Section 46–17 is titled "Authorized operators," and the further fact that Section 46–17 also provides that any person driving a cab is presumed to be an employee of the permittee. If the purpose of the section was to impose tort liability, the provision presuming all drivers to be employees would be redundant.

Phillips argues that this construction of Section 46–17 is incorrect because another section, Section 46–72, specifically provides that permittees are responsible for drivers' compliance with the ordinance's regulations. We cannot agree. Section 46–72 applies to cases where a permittee *transfers or assigns* his permit.

We agree with Phillips, however, that there is *some* evidence that the cab company was itself negligent, and that its negligence was a proximate cause of Phillips' injuries. Thus, the court erred in disregarding the jury's answer to Question No. 1 and rendering a take-nothing judgment in Yellow Cab's favor.

■ Jury answers may be disregarded only if they are immaterial or have no support in the evidence. Tex.R.Civ.P. 301. Where the questions have support in the evidence, the trial judge may not render a judgment notwithstanding the verdict, even though the great weight and preponderance of the evidence might be to the contrary. *Eubanks v. Winn,* 420 S.W.2d 698 (Tex.1967).

■ To recover in a negligence action, the plaintiff must prove that the defendant owed a duty to the plaintiff, that the duty was breached, and that damages to the plaintiff proximately resulted from the breach. *El Chico Corp. v. Poole,* 732 S.W.2d 306 (Tex.1987); *Nixon v. Mr. Property Management,* 690 S.W.2d 546 (Tex. 1985). Duty is the function of several interrelated factors, the dominant one being foreseeability of the risk. *El Chico Corp. v. Poole,* supra; *Otis Engineering Corp. v. Clark,* 668 S.W.2d 307 (Tex.1983). Whether or not a legal relationship or privity exists between the defendant and the plaintiff, if the circumstances are such that a reasonable, prudent person would recognize that the defendant's acts or omissions are likely to cause or contribute to another person being placed in danger, the duty to use ordinary care to avoid that danger arises. *El Chico Corp. v. Poole,* supra; *Bennett v. Span Industries, Inc.,* 628 S.W.2d 470 (Tex.App.—Texarkana 1981, writ ref'd n.r.e.); *Prosser and Keeton on the Law of Torts* § 53, at 358 (5th ed.1984). Thus, the duty of care arises from the probability of injury to one who may reasonably be foreseen as likely to be subject to such injury. *Carlisle v. Weingarten, Inc.,* 137 Tex. 220, 152 S.W.2d 1073 (1941); *Bennett v. Span Industries, Inc.,* supra.

Stated another way, if a person negligently creates or contributes to create a situation, it becomes his duty to do something about it to prevent injury to others if such injuries are reasonably foreseeable. *El Chico Corp. v. Poole,* supra; *Buchanan v. Rose,* 138 Tex. 390, 159 S.W.2d 109 (1942).

■ Proximate cause consists of cause in fact and foreseeability. *Exxon Corp. v. Quinn,* 726 S.W.2d 17 (Tex.1987). Cause in fact means that the negligent act or omission was a substantial factor in bringing about the injury, and without which no harm would have occurred. *El Chico Corp. v. Poole,* supra; *Nixon v. Mr. Property Management,* supra.

■ There is some evidence in the record which supports a finding of duty on the part of the cab company.

Yellow Cab Company retained the right to regulate the general conduct of its drivers. To be allowed to drive one of the cabs, the driver must complete a Yellow Cab training program. During that course, however, the drivers are not informed by the cab company that they are prohibited from carrying guns, nor does the company advise the drivers on the proper procedures to follow when confrontations arising out of traffic incidents occur. A police officer testified that it is common for cab drivers in Houston to carry guns. The claims manager for Yellow Cab Company testified that he had previously found a gun in one of his cabs, but that the company had no policy on drivers carrying guns. The president of the company testified that the company made a conscious decision not to ask its drivers if they carried guns.

There was evidence that approximately one thousand traffic accidents involving taxis can be expected to occur each year in Houston. There was also testimony that assaults and even murders were frequently the results of traffic accidents, and that there is a risk of a shooting if one of the drivers is carrying a gun. Moreover, Phillips introduced evidence showing four occasions where a Yellow Cab driver was known to have possessed a weapon. One of the occasions was before the incident involving McIntyre, and it involved a cab

driver who shot and killed a man as a result of a traffic accident. These facts and circumstances constitute some evidence that the cab company contributed to create a dangerous situation which, in reasonable foreseeability, could cause injury to persons similarly situated to Phillips.

The same evidence constitutes some support for a finding of proximate cause. The frequency of accidents resulting in assaults and the likelihood of cab drivers carrying weapons is some evidence that an ordinarily prudent person would have reasonably foreseen the probability of injury from the failure to prohibit drivers from carrying guns, and that but for Yellow Cab's failure to prohibit its drivers from carrying guns, or at least to instruct them not to do so, the incident in question would not have occurred.

Even if McIntyre's assault on Phillips was an intentional criminal act, that would not preclude a finding of proximate cause. The criminal conduct of a third party ordinarily constitutes a superseding cause that extinguishes the liability of a negligent actor, but that is not the case if the actor realized or should have realized the likelihood that a third person might avail himself of the opportunity to commit such a crime. *El Chico Corp. v. Poole,* supra; *Nixon v. Mr. Property Management,* supra; *Restatement (Second) of Torts* § 448 (1965).

As there is some evidence to support the findings of negligence and proximate cause, it was error to disregard the jury findings. The judgment must therefore be reversed and judgment rendered that Phillips recover from Yellow Cab Company to the extent to which its negligence contributed to the injury.

The cab company has assigned two cross-points of error. The first complains of the submission of Question No. 3 to the jury which inquired if McIntyre was operating the cab when the shooting took place. In view of our disposition of this case, that point is now immaterial. The second cross-point argues that it was error to allow Phillips to introduce evidence at trial about

incidents involving cab drivers and guns which occurred after the event involved in this suit. We find, however, that the cab company did not preserve error in that regard.

Phillips introduced cab company files on drivers Shaffer, Cummings and Jordan. The company's objection to the files was first made regarding Shaffer's file. The objection there was that "this driver incident is irrelevant for the record." The company objected to the introduction of driver Cummings' file by "same objection." The file of driver Jordan was objected to by stating, "I object to any testimony or admission of documents with regards to Jordan." Later, there was extensive examination of the witness Cain about the actual events involving Cummings, and there was no objection whatever. Nowhere did the company make its objection to this evidence specific and clear concerning the impropriety of showing acts which occurred after the event in question. Thus, no error is preserved.

The take-nothing judgment in favor of Yellow Cab Company against Phillips is reversed and judgment is here rendered that Phillips recover from Yellow Cab Company the sum of $507,526.56, being sixteen percent[2] of the damages awarded by the jury, together with prejudgment interest of ten percent per annum on $75,526.00 thereof from July 11, 1982, to April 15, 1988, together with costs of suit.

It is so ordered.

2. Tex.Civ.Prac. & Rem.Code Ann. § 33.013 (Vernon Supp.1989).