Tambara FARRELL and Cynthia
Smethers, Appellants,

v.

GREATER HOUSTON TRANSPORTA-
TION COMPANY, d/b/a Yellow Cab and
Felix Akinola Ogunsakin, Appellees.

No. 01–94–01160–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

July 27, 1995.

Rehearing Overruled Sept. 28, 1995.

James M. York, James W. Dawes, Houston, for appellants.

Tom A. Dickens, Houston, for appellees.

Before WILSON, ANDELL and COHEN, JJ.

## OPINION

COHEN, Justice.

Farrell and Smethers appeal a summary judgment granted in favor of Greater Houston Transportation Company, D/B/A Yellow Cab ("Yellow Cab") and the dismissal for want of prosecution of their suit against Felix Ogunsakin. We affirm.

Appellants contend that on June 12, 1991, Ogunsakin ran a red light while driving a taxicab. Yellow Cab held the taxicab's permit issued by the City of Houston. Ogunsakin struck the appellants' car. Both were injured, and their car was damaged.

On October 7, 1994, the trial court granted Yellow Cab's motion for summary judgment and signed an interlocutory order. On October 11, 1994, the trial court struck service upon Ogunsakin, dismissed the action against him for want of prosecution, and signed a final judgment.

■ In their first point of error, the appellants allege that the trial court erred in granting Yellow Cab's motion for summary judgment because Yellow Cab is liable by virtue of chapter 46 of the City of Houston Code.

Section 46–17 of the City of Houston Code provides:

> No taxicab for which a permit has been issued ... shall be operated by anyone except the permittee or an employee of the permittee or other person who may be operating such vehicle under a written agreement specifically incorporating therein such rules, regulations and conditions as may be required by the director [of finance and administration]. The permittee shall be responsible for anyone operating under his permit.... Any person driving or operating a taxicab ... is presumed to be an employee of the permittee....

CITY OF HOUSTON CODE § 46–17 (1995). This section has been held to mean that a permittee like Yellow Cab is not strictly liable for the torts of its drivers. *Phillips v. McIntyre*, 783 S.W.2d 261, 262–63 (Tex.App.—Texarkana 1989), *rev'd on other grounds sub nom. Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523 (Tex.1990). The Texarkana court held that this section was regulatory and only imposed a duty upon the permittee to ensure that its drivers comply with chapter 46 of the code. *Id.* That was the sense in which permittees were to be "responsible." *Id.* The supreme court expressly agreed with that holding. 801 S.W.2d at 524. *Accord Perry v. Brooks*, 808 S.W.2d 227, 228 (Tex.App.—Houston [14th Dist.] 1991, no writ).

We overrule the first point of error.

In their second point of error, appellants contend the summary judgment was erroneous because of fact issues about ownership of the taxicab and about Ogunsakin's employment status.

As the movant for summary judgment, Yellow Cab had to prove that there were no issues of material fact and that it was entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). Every reasonable inference is to be indulged in favor of the appellants, as the non-movants. *Id.* at 549.

The proper test for determining whether an employment or an independent contractor relationship exists is whether the purported employer has a right to control the details of the person's work. *INA of Texas v. Torres,* 808 S.W.2d 291, 293 (Tex.App.— Houston [1st Dist.] 1991, no writ). The fact that actual control is not exercised is irrelevant. *Id.* When no contract establishes the worker's status or the alleged employer's right to control the work, the right to control is measured by:

> (1) the independent nature of the worker's business; (2) the worker's obligation to furnish necessary tools, supplies, and materials to perform the job; (3) the worker's right to control the progress of the work except as to final results; (4) the time for which the worker is employed; and (5) the method of payment, whether by unit of time or by the job.

*Id.*

When, as here however, a contract establishes an independent contractor relationship and does not grant control over details of the work to the principal, then evidence outside the contract must be produced to show that despite the contract terms, the true operating agreement vested the right of control in principal. *Newspapers, Inc., v. Love,* 380 S.W.2d 582, 592 (Tex.1964). Sporadic action directing the details of the work will not destroy the contract. *Id.* at 588. An occasional assertion of control should not destroy a settled independent contractor relationship agreed to by the parties. *Id.* at 589. The true test is the right of control; exercise of control is evidentiary only. *Id.* at 592. Otherwise, contract rights and relationships based thereon would be destroyed. *Id.* The assumption of exercise of control must be "so persistent and the acquiescence therein so pronounced" as to raise an inference that when the accident occurred, the parties by implied consent had agreed that the principal might have the right to control the details of the work. *Id.*

Yellow Cab's summary judgment evidence consisted of the following: 1) the independent contractor's agreement and the affidavit of its agent, Mr. Bruhns, stating that 1) Ogunsakin was an independent contractor, 2) Yellow Cab did not monitor or determine how, where, when, or if Ogunsakin worked, 3) Yellow Cab provided a computerized dispatch system, but Ogunsakin was not required to use it, and if he did so, he was not required to accept the fare, 4) Ogunsakin was not paid by Yellow Cab, rather, he paid a fee to Yellow Cab to be licensed under its cab operating permit and to use its radio and computerized dispatching system, 5) Ogunsakin determined both how he obtained customers and the route he took when delivering a customer, 6) Yellow Cab did not know where Ogunsakin was when he was operating his taxicab and did not know if he was utilizing his taxicab, 7) Ogunsakin received no compensation or benefits from Yellow Cab, and his total compensation came from money paid to him by customers, 8) Ogunsakin was responsible for all maintenance expense on the cab, and 9) the title agreement listed him as the vehicle's "beneficial owner" and stated he could have the title assigned to him if the cab left the Yellow Cab fleet.

Appellants presented evidence that 1) Yellow Cab covered Ogunsakin under its self-insurance certificate, 2) the certificate of title to the vehicle Ogunsakin drove listed Yellow Cab as the owner, 3) Yellow Cab's answer to interrogatories denying ownership, although the certificate of title indicated otherwise, 4) and Yellow Cab's statement that there were no records between it and Ogunsakin relating to operation for profit of a taxicab.

Applying the law to the facts, we conclude there was no fact issue precluding summary judgment.

The first measure of the right to control is the independent nature of the worker's business. *Torres*, 808 S.W.2d at 293. Uncontradicted evidence showed that Ogunsakin's work was completely independent, with him controlling how, when, where, and if he worked. The third factor in *Torres* is the worker's right to control the progress of the work, except as to the final results. *Id.* Here, Ogunsakin had the right to control the progress of his work, including the final results. The fourth factor in *Torres* is the time for which the worker is employed. Ogunsakin had a one-year contract, and he determined when he worked. *Id.* The fifth factor in *Torres* is the method of payment, whether by unit of time or by the job. *Id.* Ogunsakin was paid entirely by his customers, by the job. These factors all support the conclusion that Ogunsakin was an independent contractor.

Appellants rely most heavily on the second factor, the worker's obligation to furnish necessary tools, supplies, and materials to perform the job. *Torres*, 808 S.W.2d at 293. Although title to the car was in Yellow Cab, uncontradicted summary judgement evidence proved that Ogunsakin had bought the car from a former licensee of Yellow Cab; that he owned it; that he paid nothing to Yellow Cab for its use; that he presented the car to Yellow Cab for use as a taxi, rather than Yellow Cab presenting the car to him; that there was no remaining balance due to Yellow Cab as a result of the original sale to the other driver; that in order for Yellow Cab to provide self-insurance, title to the vehicle had to be in its name; and that the title agreement recognized Ogunsakin as the "beneficial owner" and was executed contemporaneously with the independent contract or agreement and was a prerequisite to the signing of the independent contractor agreement for the sole purpose of enabling the vehicle to be self-insured by Yellow Cab.

In *Tirres v. El Paso Sand Products, Inc.,* 808 S.W.2d 672 (Tex.App.—El Paso 1991, writ denied), the court affirmed a summary judgment and held, as a matter of law, that a truck driver was an independent contractor even though he had agreed to use equipment specified and furnished by El Paso Sand, he worked under a state permit granted to El Paso Sand that controlled the route and time of travel, and he had to obtain specified liability insurance. *Id.* at 674, 676. The court held those facts did not show any right of control, but were merely prerequisites to the signing of the independent contractor agreement. *Id.* at 676. We agree with the analysis in *Tirres* and note that the degree of control retained there exceeds that retained here by Yellow Cab.

We hold that Yellow Cab established, as a matter of law, that Ogunsakin was an independent contractor.

We overrule point of error two.

In their third point of error, appellants contend the trial court erred in granting Yellow Cab's motion to strike service on Ogunsakin because Yellow Cab had no standing to object to service upon Ogunsakin.

 We agree that Yellow Cab lacked standing to request such relief. *Hawkins v. Twin Montana, Inc.,* 810 S.W.2d 441, 446 (Tex.App.—Fort Worth, 1991, no writ). However, the trial judge did more than merely strike service upon Ogunsakin. The order recites that service upon "Felix Akinola Agunsakin [sic] is hereby STRICKEN and Plaintiffs cause of action against Felix Akinola Agunsakin [sic] is dismissed for failure to prosecute." The trial court has inherent powers to dismiss a suit for want of prosecution and may do so upon its own motion. *State v. Rotello,* 671 S.W.2d 507, 508–09 (Tex. 1984); *see Neese v. Wray,* 893 S.W.2d 169, 170 (Tex.App.—Houston [1st Dist.] 1995, no writ) (when a court may reinstate a case on its own motion, it has no less power to do so just because a defective motion to reinstate has been filed). Therefore, the language striking service of citation is mere surplusage.

We overrule the third point of error.

The judgment is affirmed.