NO. 12-04-00027-CV
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
SHERRON COOK, INDIVIDUALLY AND     §     APPEAL FROM THE 145TH
AS DULY APPOINTED GUARDIAN OF
ROBERT COOK, NCM, AND AS NEXT
FRIEND OF NORA COOK, A MINOR,
HOYT COOK AND LUTHER COOK,
APPELLANT                                                     §     JUDICIAL DISTRICT COURT OF

V. 

NACOGDOCHES ANESTHESIA
GROUP, L.L.P., APPELLEES                          §     NACOGDOCHES COUNTY, TEXAS
                                                                                                                                                            
OPINION
            Sherron Cook (“Sherron”) appeals the trial court’s order granting summary judgment in favor
of Nacogdoches Anesthesia Group (“the Group”) and Dr. John Haidinyak. She raises three issues
on appeal. We affirm in part and reverse and render in part.
 
Background
            The Group is a limited liability partnership that contracted with Nacogdoches Medical Center
Hospital to be the exclusive provider of anesthesia services at the hospital. Peter Baublet, a certified
registered nurse anesthetist, worked for the Group. Baublet provided anesthesia services to Robert
Cook (“Robert”) on February 25, 2002.
            At the time, Robert was forty-eight years old suffering from severe obstructive sleep apnea.
He weighed 270 pounds. Dr. Gregory S. Tate suggested two surgical procedures for Robert, a laser-assisted uvuloplasty and a genio tubercle advancement. Prior to the scheduled procedures, Baublet
consulted with Nancy Batzloff regarding Dr. Tate’s requested anesthesia care for Robert. Batzloff
was a partner in the Group and also a nurse anesthetist. Baublet told Batzloff that because the
intubation would be difficult, he had requested that a tracheostomy tray be available in case problems
arose. Batzloff told Baublet that she would be next door and that if he needed anything, he should
“just holler.” 
            After Dr. Tate finished the uvuloplasty, Baublet was unable to adequately oxygenate Robert. 
A “code blue” was called, and Dr. John Haidinyak, another partner in the Group, responded. 
Haidinyak noticed pink, frothy fluid coming through the endotracheal tube and said, “The case is
cancelled.” Immediately following his answer, in response to a request for clarification, Haidinyak
said, “I think it was obvious the case was cancelled.” Robert suffered respiratory arrest and cardiac
arrest, which led to severe irreversible brain damage. 
            On November 5, 2003, Appellees filed a traditional and a no-evidence motion for summary
judgment contending that a fact issue exists concerning whether Baublet was an employee of the
Group or an independent contractor. Appellees assert that Baublet was an independent contractor
and, thus, neither the Group nor Haidinyak may be held vicariously liable for any of Baublet’s
allegedly negligent acts or omissions. Additionally, Appellees contend that there is no evidence that
Haidinyak individually had a duty to Robert, that he breached any applicable standard of care, or that
any alleged breach of care by Haidinyak is causally connected to Robert’s injuries. On December 9,
2003, Sherron filed a motion to nonsuit Haidinyak. After a hearing on Appellees’ joint motion for
summary judgment, the trial court signed an order granting the motion on December 15, 2003. This
appeal followed.
 
Summary Judgment
            Sherron asserts in her first and second issues that the trial court erred in granting summary
judgment for the Group. Specifically, she claims that the trial court erred in finding that Baublet was
an independent contractor and that there was no evidence that Baublet was an employee or agent of
the Group.



Standard of Review
            Texas uses summary judgments merely “to eliminate patently unmeritorious claims and
untenable defenses.” Casso v. Brand, 776 S.W.2d 551, 556 (Tex. 1989). In reviewing a traditional
motion for summary judgment, this court must apply the standards established in Nixon v. Mr.
Property Management Company, 690 S.W.2d 546, 548-49 (Tex. 1985), which are as follows:
 
              (1)         The movant for summary judgment has the burden of showing that there is no
genuine issue of material fact and that it is entitled to judgment as a matter of law;
 
              (2)         Evidence favorable to the non-movant will be taken as true in deciding whether there
is a disputed material fact issue precluding summary judgment; and
 
              (3)         Every reasonable inference must be indulged in favor of the non-movant and any
doubts resolved in its favor.
 
 
See id.
            A defendant who negates at least one essential element of a cause of action or proves all
essential elements of an affirmative defense is entitled to summary judgment as to that cause of
action. See Randall’s Food Mkts., Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995). Because the
burden of proof is on the movant, and all doubts about the existence of a genuine issue of a material
fact are resolved against the movant, we must view the evidence and its reasonable inferences in the
light most favorable to the nonmovant. See Great Am. Reserve Ins. Co. v. San Antonio Plumbing
Supply Co., 391 S.W.2d 41, 47 (Tex. 1965). 
            In a no-evidence summary judgment, a party is entitled to summary judgment if there is no
evidence of one or more essential elements of a claim or defense on which an adverse party would
have the burden of proof at trial. Tex. R. Civ. P. 166a(i). We view the evidence in the light most
favorable to the nonmovant, disregarding all contrary evidence and inferences. King Ranch, Inc. v.
Chapman, 118 S.W.3d 742, 751 (Tex. 2003), cert. denied, 541 U.S. 1030, 124 S. Ct. 2097, 158 L.
Ed. 2d 711 (2004). In reviewing a no-evidence summary judgment, we apply the same legal
sufficiency standard we apply in reviewing a directed verdict. Id. at 750-51. A no-evidence summary
judgment is improperly granted if the nonmovant brings forth more than a scintilla of probative
evidence to raise a genuine issue of material fact. Id. at 751. More than a scintilla of evidence exists
when the evidence rises to a level that would enable reasonable and fair-minded people to differ in
their conclusions. Id. If the movant’s motion and summary judgment proof facially establish its right
to judgment as a matter of law, the burden shifts to the nonmovant to raise a material fact issue
sufficient to defeat summary judgment. Dolcefino v. Randolph, 19 S.W.3d 906, 917 (Tex.
App.–Houston [14th Dist.] 2000, pet. denied). If the issue raised is based upon undisputed and
unambiguous facts, then the reviewing court may determine the question presented as a matter of law. 
Gramercy Ins. Co. v. MRD Invs., Inc., 47 S.W.3d 721, 724 (Tex. App.–Houston [14th Dist.] 2001,
pet. denied). However, if resolution of the issues rests on disputed facts, summary judgment is
inappropriate, and the reviewing court should reverse and remand for further proceedings. Id.
            Where, as here, the order granting summary judgment does not specify the particular grounds
on which the trial court granted the motion, on appeal, the summary judgment opponent must defeat
each summary judgment ground argued by the movant. Carr v. Brasher, 776 S.W.2d 567, 569 (Tex.
1989). Otherwise, an appellate court must uphold the summary judgment on any ground that is
supported by the evidence and pleadings. Id. Because the propriety of summary judgment is a
question of law, we review the trial court’s summary judgment de novo. See Natividad v. Alexsis,
Inc., 875 S.W.2d 695, 699 (Tex. 1994). 
Employee or Independent Contractor
            The test to determine whether a worker is an employee rather than an independent contractor
is whether the employer has the right to control the progress, details, and methods of operations of
the work. Thompson v. Travelers Indem. Co., 789 S.W.2d 277, 278 (Tex. 1990); Farrell v. Greater
Houston Transp. Co., 908 S.W.2d 1, 3 (Tex. App.–Houston [1st Dist.] 1995, writ denied). An 
employer controls not merely the end sought to be accomplished, but also the means and details of
its accomplishment. Thompson, 789 S.W.2d at 278; Darensburg v. Tobey, 887 S.W.2d 84, 88 (Tex.
App.–Dallas 1994, writ denied). Unless the evidence is conclusive and reasonably susceptible to
only one inference, this question is one of fact. Pitchfork Land & Cattle Co. v. King, 162 Tex. 331,
346 S.W.2d 598, 603 (1961). We measure the right to control by considering (1) the independent
nature of the worker’s business, (2) the worker’s obligation to furnish necessary tools, supplies, and
materials to perform the job, (3) the worker’s right to control the progress of the work except as to
final results, (4) the time for which the worker is employed, and (5) the method of payment. Id.
(citing Indus. Indem. Exch. v. Southard, 138 Tex. 531, 160 S.W.2d 905, 907 (Tex. 1942); Farrell,
908 S.W.2d at 3). 
             The Group’s summary judgment evidence showed that at the time of Robert’s surgery,
Baublet worked for the Group each Monday and Friday for eight hours each day. He was free to work
for anyone else the rest of the week. Additionally, the hospital, not the Group, provided the necessary
equipment required for his work. Baublet also had broad discretion in how to do his job. He was free
to use a variety of methods based on the type of procedure being performed, the particular patient’s
health, and input from the surgeon. The Group merely told Baublet when to be at the hospital to be
available for anesthesia services. Moreover, the Group reported Baublet’s income on a 1099 form,
not a W-2 form. The Group did not pay Baublet for vacation, sick leave, or holidays, nor did the
Group pay Baublet’s social security or federal income taxes. This evidence shows that Baublet was
an independent contractor. See Limestone Prods. Distrib., Inc. v. McNamara, 71 S.W.3d 308, 312-13 (Tex. 2002). Sherron did not produce any contradictory evidence.
            On appeal, Sherron asserts that since the Group had the exclusive contract with the hospital
to provide anesthesia services, Baublet would not be allowed to work at the hospital unless it was
through the Group. We agree. She then maintains that because Baublet was allowed to work at the
hospital only through the Group, Baublet must be an employee of the Group. That conclusion does
not necessarily follow. Moreover, she provided no summary judgment evidence or legal authority
to support her assertion. Additionally, Sherron asserts that the Group directed the details of Baublet’s
work, pointing out that Haidinyak, not Baublet, commented that the “case is cancelled” upon seeing
Robert’s condition. At most, the statement is ambiguous and is insufficient to create a fact issue. 
Finally, Sherron asserts that Baublet was a Group employee because he consulted with Batzloff prior
to the procedure. However, the legal test for determining independent-contractor status in Texas is
right to control, not the right to consult. See Thompson, 789 S.W.2d at 278. 
            The Group’s summary-judgment evidence established, as a matter of law, that the Group
merely controlled the end sought to be accomplished – anesthesia services available for surgeries at
the hospital – whereas Baublet controlled the means and details of accomplishing the work. See
McNamara, 71 S.W.3d at 313; Thompson, 789 S.W.2d at 278. Consequently, the burden shifted
to Sherron to raise a material fact issue. However, she failed to do so. Thus, the trial court could
have granted the summary judgment on the ground that Baublet was an independent contractor and
not a Group employee. Because the trial court did not specify the particular grounds for its order
granting summary judgment, we need not address Sherron’s other arguments challenging the
summary judgment. See Carr, 776 S.W.2d at 569. We overrule Sherron’s first and second issues.
 
Nonsuit of Dr. John Haidinyak
            Sherron argues in her third issue that the trial court erred in granting summary judgment in
favor of Haidinyak because she filed a motion to nonsuit Haidinyak before the granting of the
summary judgment. We agree.
            To take a nonsuit, the party can file either a written motion to dismiss or make an oral
announcement of the nonsuit in open court. Greenberg v. Brookshire, 640 S.W.2d 870, 872 (Tex.
1982). The movant may choose to take a nonsuit as to some parties and claims without nonsuiting
the rest of the parties and claims. See Tex. R. Civ. P. 162, 163; see Mainland Sav. Ass’n v. Wilson,
545 S.W.2d 491, 493 (Tex. App.–Houston [1st Dist.] 1976, no writ). A plaintiff may take a nonsuit
at anytime before the trial court grants a summary judgment. Leon Springs Gas Co. v. Rest. Equip.
Leasing Co., 961 S.W.2d 574, 577 (Tex. App.–San Antonio 1997, no pet.); Taliaferro v. Smith, 804
S.W.2d 548, 550 (Tex. App.–Houston [14th Dist.] 1991, no writ). The party requesting a nonsuit has
an absolute right to a nonsuit at the moment the motion is filed with the clerk, so long as the motion
is timely filed. See Hooks v. Fourth Court of Appeals, 808 S.W.2d 56, 59 (Tex. 1991); BHP
Petroleum Co. v. Millard, 800 S.W.2d 838, 840 (Tex. 1990). A plaintiff’s right to a nonsuit exists
from the time the plaintiff files a motion for nonsuit or asks for one in open court. Greenberg, 640
S.W.2d at 872. The granting of a nonsuit is merely a ministerial act. Id. The plaintiff’s right to take
a nonsuit is unqualified and absolute as long as the defendant has not made a claim for affirmative
relief. Millard, 800 S.W.2d at 840.
            The record shows that Sherron filed a motion to nonsuit Haidinyak on December 9, 2003. The
trial court conducted a hearing on Appellees’ motion for summary judgment on December 11, 2003. 
On December 15, 2003, the trial court signed an order granting summary judgment in favor of both
the Group and Haidinyak. Sherron’s nonsuit was effective at the time the trial court granted summary
judgment. Therefore, the trial court should not have granted summary judgment in favor of
Haidinyak. Accordingly, we sustain Sherron’s third issue. 
 
Conclusion
            Having overruled Sherron’s first and second issues, we affirm the trial court’s summary
judgment in favor of the Group. We have sustained Sherron’s third issue. Accordingly, we reverse
the summary judgment in favor of Haidinyak and render judgment dismissing Sherron’s claims
against Haidinyak without prejudice.
 
 
 
                                                                                                    DIANE DEVASTO 
                                                                                                                 Justice
 
 
Opinion delivered May 31, 2005.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
(PUBLISH)