**REVERSE AND RENDER and Opinion Filed November 5, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-17-01372-CV

## CENTRAL REFINING, L.L.C., Appellant
## V.
## AARON CALDERON A/K/A AARON GARCIA, ANA GARCIA, STEPHANIE GARCIA, AND JERE CORPORATION D/B/D ZONA CALIENTE SPORTS BAR, Appellees

### On Appeal from the 44th Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. DC-16-05931

## MEMORANDUM OPINION

Before Justices Bridges, Francis, and Lang-Miers
Opinion by Justice Bridges

Appellant Central Refining, L.L.C. filed suit against appellees Aaron Calderon a/k/a Aaron Garcia, Ana Garcia, Stephanie Garcia, and Jere Corporation d/b/a Zona Caliente Sports Bar to collect money owed for consignment sales of jewelry. Appellees filed a no-evidence motion for summary judgment. The motion was set for hearing on August 18, 2017.

On August 17, 2017, appellant filed a motion to nonsuit its claims without prejudice. The trial court did not rule on the motion prior to the hearing. Instead, the trial court granted appellees' no-evidence motion for summary judgment on August 17, 2017 without a hearing. The trial court then signed an order of dismissal without prejudice on August 18, 2017. Appellant filed an unopposed motion to set aside summary judgment order which was overruled by operation of law.

In a single issue, appellant argues the trial court erred by granting a no-evidence summary judgment after it nonsuited its claims and before the scheduled hearing. Appellant asks this Court to set aside the August 17, 2017 no-evidence summary judgment order to eliminate any possible confusion if it decides to refile its claims against appellees in the future. Appellees have not filed a response brief. We sustain appellant's issue. We reverse the no-evidence summary judgment in favor of appellees and render judgment dismissing appellant's claims without prejudice.

Texas Rule of Civil Procedure 162 provides that a plaintiff may nonsuit its claims at any time before it has introduced all of its evidence other than rebuttal evidence. TEX. R. CIV. P. 162. The right to nonsuit is absolute, and a plaintiff's right to a nonsuit exists from the moment a written motion is filed or an oral motion is made in open court, unless the defendant has, prior to that time, sought affirmative relief. *See In re Greater Houston Orthopaedic Specialists, Inc.*, 295 S.W.3d 323, 325 (Tex. 2009) (orig. proceeding); *see also Cook v. Nacogdoches Anesthesia Grp., L.L.P.*, 167 S.W.3d 476, 482 (Tex. App.—Tyler 2005, no pet.) ("A plaintiff may take a nonsuit at anytime before the trial court grants a summary judgment). Granting a nonsuit is a ministerial act, and a court order is not required. *Epps v. Fowler*, 351 S.W.3d 862, 868 (Tex. 2011). The case is terminated the moment the nonsuit is filed and renders the merits of the case moot. *Id*.; *see also Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010).

Appellant filed its nonsuit without prejudice on August 17, 2017, at 1:34 p.m., which was one day before appellees' no-evidence motion for summary judgment was set for hearing. At that time, appellees had not sought any affirmative relief; therefore, appellant's right to nonsuit was absolute when filed. Because the case was moot at that time, the trial court could not subsequently render a summary judgment. *See In re marriage of Montgomery*, No. 14-15-00203-CV, 2016 WL 1533930, at *1 (Tex. App.—Houston [14th Dist.] Apr. 14, 2016, no pet.) (mem. op.) (error to grant summary judgment after appellant filed nonsuit). Therefore, the trial court erroneously granted

appellees' no-evidence motion for summary judgment. *See Cook*, 167 S.W.3d at 483. We sustain appellant's sole issue.

Accordingly, we reverse the no-evidence summary judgment in favor of appellees and render judgment dismissing appellant's claims without prejudice.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

171372F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CENTRAL REFINING, L.L.C., Appellant

No. 05-17-01372-CV       V.

AARON CALDERON A/K/A AARON
GARCIA, ANA GARCIA, STEPHANIE
GARCIA, JERE CORPORATION D/B/D
ZONA CALIENTE SPORT BAR,
Appellees

On Appeal from the 44th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-16-05931.
Opinion delivered by Justice Bridges.
Justices Francis and Lang-Miers
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and judgment is **RENDERED** dismissing appellant's claims without prejudice.

It is **ORDERED** that appellant CENTRAL REFINING, L.L.C. recover its costs of this appeal from appellees AARON CALDERON A/K/A AARON GARCIA, ANA GARCIA, STEPHANIE GARCIA, JERE CORPORATION D/B/D ZONA CALIENTE SPORT BAR.

Judgment entered November 5, 2018