NO. 07-05-0231-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

SEPTEMBER 12, 2006
_____

EDWARDS LIFESCIENCES, L.L.C.,

Appellant

v.

COVENANT HEALTH SYSTEMS a/k/a COVENANT MEDICAL CENTER,

Appellee

_____

FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2003-523,478; HON. BLAIR CHERRY, PRESIDING
_____

*Opinion*
_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

Edwards Lifesciences, L.L.C. (Edwards) appeals from an order denying its motion to strike an order for indemnification. The cause has been briefed and submitted for disposition. However, we dismiss it for want of jurisdiction.

Although not raised by the parties, we are obligated to determine *sua sponte* our jurisdiction over an appeal. *New York Underwriters Ins. Co. v. Sanchez,* 799 S.W.2d 677,

679 (Tex. 1990). Save for a few instances not applicable here, courts of appeal have appellate jurisdiction only over final orders and judgments. *Lehmann v. Har-Con Corp.,* 39 S.W.3d 191, 195 (Tex. 2001). Additionally, a judgment is final only when it disposes of all claims asserted by or against all parties. *M. O. Dental Lab v. Rape,* 139 S.W.3d 671, 674 (Tex. 2004); *Lehmann v. Har-Con Corp.,* 39 S.W.3d at 195.

Next, the record discloses that Dewitt Wilhite, individually and on behalf of various people, sued Edwards and Covenant to recover damages.[1] In response, Covenant moved for indemnification from Edwards for not only the sums it "may be required to pay to Plaintiffs" but also for the court costs, attorney's fees, and other reasonable expenses and damages incident to being sued by Wilhite. Furthermore, its claim was founded upon §82.002 of the Texas Civil Practice and Remedies Code.[2] The trial court granted the motion and ordered indemnification as specified in the opening paragraph. Yet, in ordering indemnification, it stated that the "amount of Edwards['] . . . liability . . . shall be paid upon further order of the court." Thereafter, Wilhite filed a non-suit against Edwards and Covenant.

As can be readily seen from the passages quoted above, the trial court did not completely resolve the claim for indemnification. A portion of it was reserved for later adjudication. Consequently, all claims of the parties have not been disposed of, and there

---

[1]Recovery was founded upon the allegations that 1) Edwards and Covenant sold to Ruth Marjean Wilhite a contaminated mitral valve, 2) the valve was surgically implanted into Ruth, and 3) as a result of the contamination and efforts to ameliorate it, she died.

[2]The statute provides that a manufacturer shall "indemnify and hold harmless a seller against loss arising out of a products liability action . . . for which the seller is independently liable." TEX. CIV. PRAC. & REM. CODE §82.002(a) (Vernon 2005).

2

exists no final order or judgment encompassing the very matter at issue before us.[3] *See Dutton-Lainson Co. v. Do It Best Corp.*, 180 S.W.3d 234, 238-39 (Tex. App.–San Antonio 2005, no pet.) (recognizing that there was no final judgment because the trial court, in determining that one party was entitled to indemnity, had yet to assess the amount of indemnity due). And, that Wilhite non-suited his claims against all the defendants does not change this circumstance.

It is true that a plaintiff may dismiss or non-suit his claims at any time before he has introduced all of his evidence, other than rebuttal evidence. TEX. R. CIV. P. 162. Equally true is that a non-suit vitiates certain interlocutory orders. *Hyundai Motor Co. v. Alvarado*, 892 S.W.2d 853, 854-55 (Tex. 1995). Yet, it does not vitiate pending claims for affirmative relief. TEX. R. CIV. P. 162. Nor does it effect "*any* motion for sanctions, attorney's fees or other costs, pending at the time of dismissal. . . ." *Id.* (Emphasis added). And, at the time Wilhite dismissed, through non-suit, his claims against the defendants, the trial court had pending before it a demand by one of the defendants, *i.e.* Covenant, for attorney's fees and costs against the other defendant.[4] Simply put, "any motion" for attorney's fees and costs means just that, "any motion" for attorney's fees and costs, and the demand of Covenant is "any [such] motion."

Nor do we find the case of *Le v. Kilpatrick*, 112 S.W.3d 631 (Tex. App.–Tyler 2003, no pet.) controlling. Edwards cites it for the proposition that a claim for indemnification is

---

[3]Indeed, Edwards characterizes the order for indemnification as interlocutory throughout its brief.

[4]We note that the word "loss" used in §82.002(a) of the Civil Practice and Remedies Code includes "court costs and other reasonable expenses, reasonable attorney's fees, and any reasonable damages." TEX. CIV. PRAC. & REM. CODE ANN. §82.002(b) (Vernon 2005). Thus as an indemnitee, Covenant may be entitled by statute to attorney's fees and court costs, among other relief.

3

not a claim for affirmative relief and, thus, it is subject to vitiation when a plaintiff files a non-suit. While *Le* says as much, *id.* at 634, we note at least one pivotal circumstance differentiating the dispute there from that before us. In *Le*, nothing was said about there being a pending request for attorney's fees and costs at the time of the non-suit. In other words, the second paragraph of Rule 162 specifies two categories of claims that are shielded from vitiation due to a non-suit. One involves requests for "affirmative relief" while the other involves "any motion for sanctions, attorney's fees or other costs, pending at the time of dismissal . . . ." TEX. R. CIV. P. 162. *Le* dealt with the former, not the latter, and it is the latter category that is involved here. Finally, that Covenant may have labeled its request as one for indemnification, we note the old adage: "a rose is a rose by any other name." That is, irrespective of the label appended to the motion, its substance is of import. *See Rush v. Barrios,* 56 S.W.3d 88, 93 (Tex. App.–Houston [14th Dist.] 2001, pet. denied) (requiring courts to afford meaning to the substance of motions not their title). And, the substance of the motion on file and pending adjudication at the time of non-suit fell within the parameters of Rule 162.

In sum, the very order Edwards attempts to attack on appeal is interlocutory. Because it is interlocutory, we lack jurisdiction over the dispute. And, lacking such jurisdiction, we dismiss the appeal.

Brian Quinn
Chief Justice

4