NO. 07-09-0169-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 5, 2009

______________________________


In re BARRY DWAYNE MINNFEE, 

                                                                                                 Relator
_________________________________

ON ORIGINAL PROCEEDING FOR WRIT OF MANDAMUS
_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
          Pending before this court is the application of Barry Dwayne Minnfee for a writ of
mandamus. He requests that we compel the “court to respond to further motion for
rehearing” concerning his request for DNA testing. We deny the application for the
reasons that follow.
          First, rules of procedure obligate one seeking mandamus relief to accompany his
petition with an appendix. Tex. R. App. P. 52.3(j). The latter must include, among other
things, a certified or sworn copy of the document showing the matter complained of. In this
case, the document showing the matter complained of would be the motion requesting
further rehearing from the trial court. This Minnfee failed to do. 
          Second, Minnfee did disclose in his application for writ of mandamus that he has
filed several prior motions for rehearing and that they had been “overruled.” Whether those
motions were mere reiterations of that at issue here is unknown for they too were not
included in an appendix. Nonetheless, he cites us to nothing that suggests, much less
requires, a trial court to act upon repetitious motions that are akin to motions for new trial. 
With regard to the latter, they are considered overruled by operation of law if no action is
taken upon them within 75 days of the date the final order was signed. Tex. R. Civ. P.
329b(c). Given that a motion for rehearing which attempts to alter a final order is much like
one for new trial, see Edwards Lifesciences, L.L.C. v. Covenant Health Systems, 205
S.W.3d 687, 690 (Tex. App.–Amarillo 2006, no pet.) (stating that the substance of the
motion controls as opposed to its label), we see no reason to treat them differently here. 
So, given that the allegations in and the file-mark on Minnfee’s application for writ leads
us to conclude that 1) more than 75 days has lapsed from the date upon which the trial
court entered its final order and 2) the trial court has yet to act on the motion, it can and
should be considered as overruled by operation of law.
          Accordingly, the application for writ of mandamus pending before this court is
denied.
 
                                                                           Per Curiam



easonable doubt that
appellant burglarized the habitation as charged. Furthermore, the inconsistency about
whether the appliances were disconnected from the multi-socketed electrical cord or
whether the latter alone was unplugged from the wall simply created issues regarding the
credibility of the witnesses. It, however, did not negate the evidence that the appliances
had been somehow disconnected from their electrical source, and that such was necessary
before they could be removed from the abode. Thus, the evidence was and is both legally
and factually sufficient to support the conviction. 

Issue Three - Impeachment


 Via his third issue, appellant questions the trial court's refusal to allow him to cross-examine Nail about a criminal investigation into her purported effort to acquire property
through the use of another's name. We overrule the issue.

 The evidence of record illustrates that Nail had not been convicted of the supposed
offense or any felony or crime of moral turpitude. This is determinative. One may not
delve into specific instances of conduct in effort to attack a witness' credibility, Tex. R. Evid.
608(b), unless the instances resulted in a felony conviction or a conviction for a crime of
moral turpitude. Tex. R. Evid. 609(a). Since Nail had not been so convicted, the trial court
did not abuse its discretion in excluding the evidence.

 

 Having overruled each issue, we affirm the trial court's judgment.


 Brian Quinn

 Chief Justice

Do not publish.