NO. 07-09-0170-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 5, 2009

_____

In re BARRY DWAYNE MINNFEE,

Relator
_____

***ON ORIGINAL PROCEEDING FOR WRIT OF MANDAMUS***
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Pending before this court is the application of Barry Dwayne Minnfee for a writ of mandamus. He requests that we compel the "court to respond to further motion for rehearing" concerning his request for DNA testing. We deny the application for the reasons that follow.

First, rules of procedure obligate one seeking mandamus relief to accompany his petition with an appendix. TEX. R. APP. P. 52.3(j). The latter must include, among other things, a certified or sworn copy of the document showing the matter complained of. In this case, the document showing the matter complained of would be the motion requesting further rehearing from the trial court. This Minnfee failed to do.

Second, Minnfee did disclose in his application for writ of mandamus that he has filed several prior motions for rehearing and that they had been "overruled." Whether those

motions were mere reiterations of that at issue here is unknown for they too were not included in an appendix. Nonetheless, he cites us to nothing that suggests, much less requires, a trial court to act upon repetitious motions that are akin to motions for new trial. With regard to the latter, they are considered overruled by operation of law if no action is taken upon them within 75 days of the date the final order was signed. TEX. R. CIV. P. 329b(c). Given that a motion for rehearing which attempts to alter a final order is much like one for new trial, *see Edwards Lifesciences, L.L.C. v. Covenant Health Systems,* 205 S.W.3d 687, 690 (Tex. App.–Amarillo 2006, no pet.) (stating that the substance of the motion controls as opposed to its label), we see no reason to treat them differently here. So, given that the allegations in and the file-mark on Minnfee's application for writ leads us to conclude that 1) more than 75 days has lapsed from the date upon which the trial court entered its final order and 2) the trial court has yet to act on the motion, it can and should be considered as overruled by operation of law.

Accordingly, the application for writ of mandamus pending before this court is denied.

Per Curiam

2