NO. 12-03-00109-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




HUAN LE, M.D. AND TRI-STATE

MEDICAL CLINIC, A.P.M.C.,
§
 APPEAL FROM THE 273RD

APPELLANTS



V.
§
 JUDICIAL DISTRICT COURT OF


TUCKY KILPATRICK, INDIVIDUALLY,

JENELL SWAN, INDIVIDUALLY, 

AMANDA EAVES, INDIVIDUALLY,
§
 SHELBY COUNTY, TEXAS

AND PHONZO WAYNE SWAN, 

INDIVIDUALLY AND AS EXECUTOR OF

THE ESTATE OF BETTY JOYCE SWAN,

DECEASED, 

APPELLEES







OPINION ON APPELLEES' MOTION TO 


DISMISS INTERLOCUTORY APPEAL


 This is an interlocutory appeal from the trial court's denial of special appearances filed by
Huan Le, M.D. and Tri-State Medical Clinic, A.P.M.C. (collectively "Le"). Tucky Kilpatrick,
Individually, Jennell Swan, Individually, Amanda Eaves, Individually, and Phonzo Wayne Swan,
Individually and as Executor of the Estate of Betty Joyce Swan, Deceased (collectively "Kilpatrick"),
plaintiffs in the underlying lawsuit, filed a Notice of Non-Suit as to Le and also filed a motion to
dismiss this appeal as moot. We vacate the order denying the special appearances, lift our stay of
the trial court proceedings, and dismiss this appeal as moot.


Effect of Nonsuit


 Rule 162 of the Texas Rules of Civil Procedure provides that "[a]t any time before the
plaintiff has introduced all of his evidence other than rebuttal evidence, the plaintiff may dismiss a
case, or take a non-suit, which shall be entered in the minutes." Tex. R. Civ. P. 162. Additionally,
"[a]ny dismissal pursuant to [Rule 162] shall not prejudice the right of an adverse party to be heard
on a pending claim for affirmative relief...." Thus, if the motion is timely filed, a plaintiff has an
absolute right to a nonsuit as long as the defendant has not made a claim for affirmative relief. BHP
Pet. Co. v. Millard, 800 S.W.2d 838, 841 (Tex. 1990). If the defendant has a pending claim for
affirmative relief, the plaintiff's nonsuit is effective for its own claims, but not for those of the
defendant. See General Land Office v. OXY U.S.A., Inc., 789 S.W.2d 569, 570 (Tex. 1990). 

Trial Court's Determination of Jurisdiction

 As a general rule, a nonsuit vitiates prior interlocutory orders. See In re Bennett, 960 S.W.2d
35, 38 (Tex. 1997); Hyundai Motor Co. v. Alvarado, 892 S.W.2d 853, 854-55 (Tex. 1995).
However, Le points out that a trial court's venue determination and any decision on the merits, such
as a summary judgment or partial summary judgment, are not vitiated by a nonsuit. Consequently,
Le suggests that, by analogy, the trial court's denial of the special appearances in the case at hand
may not be vitiated by the nonsuit and therefore Le's appeal is not moot. 

 A venue determination made prior to a nonsuit is conclusive in a subsequent refiling of the
same cause of action against the same parties. Hendrick Med. Ctr. v. Howell, 690 S.W.2d 42, 44
(Tex. App.-Dallas 1985, orig. proceeding). This rule is consistent with the legislature's intent, as
further reflected in Rule 87 of the Texas Rules of Civil Procedure, that there be only one venue
determination in a cause of action. Id. (construing predecessor to Tex. Civ. Prac. & Rem. Code §
15.064 (Vernon 2002)). No such limitation is included in the rule relating to special appearances. 
See Tex. R. Civ. P. 120a. Moreover, summary judgments and partial summary judgments are
decisions on the merits. See Hyundai, 892 S.W.2d at 855-56 (decision on the merits such as
summary judgment or partial summary judgment is not vitiated by nonsuit). However, an order
denying a special appearance is an interlocutory order not reflecting any judgment on the merits of
the case. See Tex. R. App. P. 120a(2). Therefore, Le's analogy is inapposite.

Claim for Affirmative Relief

 In the alternative, Le argues that the original answer of defendant Vera Reed, M.D. ("Reed")
"contains potential cross-claims against [Le]" that are not vitiated by the nonsuit. Therefore, Le
contends in substance that it will be prejudiced if this appeal is dismissed because, absent appellate
review, Le will be required to defend against Reed's claims in a Texas court, which is without
jurisdiction. We first consider whether Reed's "potential cross-claims" against Le seek affirmative
relief and thus survive the nonsuit.

 To qualify as a claim for affirmative relief, a defensive pleading must allege that the
defendant has a cause of action, independent of the plaintiff's claim, on which he could recover
benefits, compensation, or relief, even though the plaintiff may abandon his cause of action or fail
to establish it. General Land Office, 789 S.W.2d at 570. A defendant does not seek affirmative
relief by claims that merely resist the plaintiff's right to recover. See id. 

 Le notes that Reed (1) seeks "an offset, credit, or percentage reduction in the event a
judgment is rendered against them, because of any settlement received by Plaintiffs"; (2) asserts a
"claim for contribution and/or indemnity against any...jointly and/or severally liable party"; and (3) 
"alleges that the joint and several liability provisions of Art. 33.013 of the Texas Civil Practice and
Remedies Code are unconstitutional, inappropriate and impermissible...." A claim for offset or
credit is not a claim for affirmative relief. See Preston v. Williams, 427 S.W.2d 157, 160 (Tex.
App.-Eastland 1968, no writ) (claim for offset or credit not independent cause of action). Likewise,
a claim for indemnity or contribution is not a claim for affirmative relief, Pleasants v. Emmons, 871
S.W.296, 298 (Tex. App.-Eastland 1994, no writ), nor is an assertion that an applicable statute is
unconstitutional. General Land Office, 789 S.W.2d at 570. Consequently, a nonsuit vitiates any
such claims that are pending as to a defendant against whom a nonsuit is taken. See John F.
Buckner & Sons v. Allen, 289 S.W.2d 387, 398 (Tex. Civ. App.-Austin 1956, no writ) (defendant
who did not file counterclaim or seek other affirmative relief loses right to pursue contribution claim
where nonsuit taken against all other defendants). Therefore, Le will not be prejudiced by the
dismissal of this appeal.

Improper Discovery

 Finally, Le asserts that this appeal should not be dismissed because if this court determines
the trial court erred in denying the special appearances, jurisdiction of Kilpatrick's claims against
Le would be in Louisiana. Therefore, "any discovery of [Le] in Texas [during the pendency of the
appeal] is improper where discovery of a Louisiana lawsuit must be obtained pursuant to the
Louisiana discovery rules applicable to Louisiana medical malpractice cases." Accordingly, Le's
argument continues, "any further discovery pursuant to the Texas Rules of Civil Procedure will be
an improper and needless use of the parties' time, effort, and expenses and contrary to judicial
economy." 

 In response to a similar argument, this court stayed the trial court proceedings, including
discovery, during the pendency of this appeal. However, Le is no longer a party to the trial court
proceedings. Consequently, this argument is no longer persuasive.


Conclusion


 Having considered Kilpatrick's motion to dismiss, Le's arguments in opposition to the
motion, and the record before us, we conclude that the motion to dismiss should be granted. 
Accordingly, we vacate the trial court's order denying the special appearances, lift our stay of the
trial court proceedings, and dismiss this interlocutory appeal as moot.


 JAMES T. WORTHEN 

 Chief Justice



Opinion delivered June 18, 2003.

Panel consisted of Worthen, C.J. and Griffith, J.









(PUBLISH)