NO. 07-05-0231-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



SEPTEMBER 12, 200
6


______________________________



EDWARDS LIFESCIENCES, L.L.C., 



 Appellant


v.



COVENANT HEALTH SYSTEMS a/k/a COVENANT MEDICAL CENTER, 



 Appellee


_________________________________



FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2003-523,478; HON. BLAIR CHERRY, PRESIDING


_________________________________





Opinion


_________________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

 Edwards Lifesciences, L.L.C. (Edwards) appeals from an order denying its motion
to strike an order for indemnification. The cause has been briefed and submitted for
disposition. However, we dismiss it for want of jurisdiction.

 Although not raised by the parties, we are obligated to determine sua sponte our
jurisdiction over an appeal. New York Underwriters Ins. Co. v. Sanchez, 799 S.W.2d 677,
679 (Tex. 1990). Save for a few instances not applicable here, courts of appeal have
appellate jurisdiction only over final orders and judgments. Lehmann v. Har-Con Corp., 39
S.W.3d 191, 195 (Tex. 2001). Additionally, a judgment is final only when it disposes of all
claims asserted by or against all parties. M. O. Dental Lab v. Rape, 139 S.W.3d 671, 674
(Tex. 2004); Lehmann v. Har-Con Corp., 39 S.W.3d at 195. 

 Next, the record discloses that Dewitt Wilhite, individually and on behalf of various
people, sued Edwards and Covenant to recover damages. (1) In response, Covenant moved
for indemnification from Edwards for not only the sums it "may be required to pay to
Plaintiffs" but also for the court costs, attorney's fees, and other reasonable expenses and
damages incident to being sued by Wilhite. Furthermore, its claim was founded upon
§82.002 of the Texas Civil Practice and Remedies Code. (2) The trial court granted the
motion and ordered indemnification as specified in the opening paragraph. Yet, in ordering
indemnification, it stated that the "amount of Edwards['] . . . liability . . . shall be paid upon
further order of the court." Thereafter, Wilhite filed a non-suit against Edwards and
Covenant.

 As can be readily seen from the passages quoted above, the trial court did not
completely resolve the claim for indemnification. A portion of it was reserved for later
adjudication. Consequently, all claims of the parties have not been disposed of, and there
exists no final order or judgment encompassing the very matter at issue before us. (3) See
Dutton-Lainson Co. v. Do It Best Corp., 180 S.W.3d 234, 238-39 (Tex. App.-San Antonio
2005, no pet.) (recognizing that there was no final judgment because the trial court, in
determining that one party was entitled to indemnity, had yet to assess the amount of
indemnity due). And, that Wilhite non-suited his claims against all the defendants does not
change this circumstance.

 It is true that a plaintiff may dismiss or non-suit his claims at any time before he has
introduced all of his evidence, other than rebuttal evidence. Tex. R. Civ. P. 162. Equally
true is that a non-suit vitiates certain interlocutory orders. Hyundai Motor Co. v. Alvarado,
892 S.W.2d 853, 854-55 (Tex. 1995). Yet, it does not vitiate pending claims for affirmative
relief. Tex. R. Civ. P. 162. Nor does it effect "any motion for sanctions, attorney's fees or
other costs, pending at the time of dismissal. . . . " Id. (Emphasis added). And, at the time
Wilhite dismissed, through non-suit, his claims against the defendants, the trial court had
pending before it a demand by one of the defendants, i.e. Covenant, for attorney's fees
and costs against the other defendant. (4) Simply put, "any motion" for attorney's fees and
costs means just that, "any motion" for attorney's fees and costs, and the demand of
Covenant is "any [such] motion." 

 Nor do we find the case of Le v. Kilpatrick, 112 S.W.3d 631 (Tex. App.-Tyler 2003,
no pet.) controlling. Edwards cites it for the proposition that a claim for indemnification is
not a claim for affirmative relief and, thus, it is subject to vitiation when a plaintiff files a
non-suit. While Le says as much, id. at 634, we note at least one pivotal circumstance
differentiating the dispute there from that before us. In Le, nothing was said about there
being a pending request for attorney's fees and costs at the time of the non-suit. In other
words, the second paragraph of Rule 162 specifies two categories of claims that are
shielded from vitiation due to a non-suit. One involves requests for "affirmative relief" while
the other involves "any motion for sanctions, attorney's fees or other costs, pending at the
time of dismissal . . . ." Tex. R. Civ. P. 162. Le dealt with the former, not the latter, and it
is the latter category that is involved here. Finally, that Covenant may have labeled its
request as one for indemnification, we note the old adage: "a rose is a rose by any other
name." That is, irrespective of the label appended to the motion, its substance is of import. 
See Rush v. Barrios, 56 S.W.3d 88, 93 (Tex. App.-Houston [14th Dist.] 2001, pet. denied)
(requiring courts to afford meaning to the substance of motions not their title). And, the
substance of the motion on file and pending adjudication at the time of non-suit fell within
the parameters of Rule 162. 

 In sum, the very order Edwards attempts to attack on appeal is interlocutory. 
Because it is interlocutory, we lack jurisdiction over the dispute. And, lacking such
jurisdiction, we dismiss the appeal.

 Brian Quinn 

 Chief Justice 
1. Recovery was founded upon the allegations that 1) Edwards and Covenant sold to Ruth Marjean
Wilhite a contaminated mitral valve, 2) the valve was surgically implanted into Ruth, and 3) as a result of the
contamination and efforts to ameliorate it, she died. 
2. The statute provides that a manufacturer shall "indemnify and hold harmless a seller against loss
arising out of a products liability action . . . for which the seller is independently liable." Tex. Civ. Prac. & Rem.
Code §82.002(a) (Vernon 2005).
3. Indeed, Edwards characterizes the order for indemnification as interlocutory throughout its brief. 
4. We note that the word "loss" used in §82.002(a) of the Civil Practice and Remedies Code includes
"court costs and other reasonable expenses, reasonable attorney's fees, and any reasonable damages." Tex.
Civ. Prac. & Rem. Code Ann. §82.002(b) (Vernon 2005). Thus as an indemnitee, Covenant may be entitled
by statute to attorney's fees and court costs, among other relief.



l', sans-serif">          Late at night on September 23, 2007, Appellant, while intoxicated, was driving on
the wrong side of North Loop 289 and struck the complainant’s pickup with his car. A
witness who observed Appellant driving at a high rate of speed while swerving called 911. 
A Lubbock Police Officer responded to the call and observed Appellant, who was
unresponsive, sitting in his car stopped in the middle of the road. Appellant and the
complainant were both injured and the officer called for medical assistance. The officer
followed the ambulance to the hospital to interview Appellant and the complainant. 
          According to the officer, Appellant showed symptoms of being intoxicated. 
Warnings were administered and Appellant consented to a blood specimen. At trial,
testimony was presented that Appellant’s sample contained 0.31 grams of alcohol per 100
milliliters of blood–or his blood alcohol content was .263, well above the legal limit. The
officer visited the complainant in the hospital to assess her injuries. He testified that she
suffered deep lacerations to her left arm, left knee, left ankle, had a broken wrist, and
bruising to her upper torso. At the time of trial, she testified she had undergone multiple
surgeries to treat her injuries.
          An investigation confirmed that Appellant had traveled the wrong way on North Loop
289 and crashed into the complainant’s pickup at a high rate of speed. Appellant was
arrested and indicted for, among other charges, driving while intoxicated and using or
exhibiting a deadly weapon, to wit: an automobile, that in the manner of its use and
intended use was capable of causing death or serious bodily injury. The indictment was
enhanced by two felonies. 
           We have independently examined the entire record to determine whether there are
any non-frivolous issues which might support the appeal. See Penson v. Ohio, 488 U.S.
75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); In re Schulman, 252 S.W.3d at 409; Stafford
v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such issues. 
See Gainous v. State, 436 S.W.2d 137 (Tex.Crim.App. 1969). After reviewing the record,
counsel’s brief, and Appellant’s pro se response, we agree with counsel that there are no
plausible grounds for appeal. See Bledsoe v. State, 178 S.W.3d 824 (Tex.Crim.App.
2005).
          Accordingly, counsel's motion to withdraw is granted and the trial court’s judgment
is affirmed. 
                                                                           Patrick A. Pirtle

                                                                                 Justice



                                                                                                                                    

Do not publish.