# NO. 12-08-00046-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *RUSSELL HIRNER,* *APPELLANT* | § | *APPEAL FROM THE FOURTH* |
| *V.* *JANE DOE, INDIVIDUALLY AND ON BEHALF OF HER MINOR CHILDREN, J.A.D. AND J.B.D.,* | § | *JUDICIAL DISTRICT COURT OF* |
| *APPELLEE* | § | *RUSK COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Russell Hirner filed this appeal after plaintiff Jane Doe, individually and on behalf of her minor children, J.A.D. and J.B.D., nonsuited her claims against him. Hirner raises fifteen issues on appeal. We dismiss for want of jurisdiction.

### BACKGROUND

Hirner is an inmate, who is serving a fifteen year sentence for aggravated sexual assault of a child. Doe filed the instant personal injury lawsuit against Hirner, Longview Baptist Temple, and Robert Gray, Sr. seeking damages arising from the conduct underlying Hirner's criminal conviction. Subsequently, Doe entered into a settlement agreement with Longview Baptist Temple and Gray and dismissed her claims with prejudice against these parties. Thereafter, Doe nonsuited her claims against Hirner. This appeal followed.

### NONSUIT AND A DEFENDANT'S STANDING TO APPEAL

A plaintiff has an absolute right to take a nonsuit. *See Hooks v. Fourth Ct. of Appeals*, 808 S.W.2d 56, 59 (Tex. 1991). A nonsuit nullifies the controversy and renders interlocutory orders in the

case moot. *See In re Bennett*, 960 S.W.2d 35, 38 (Tex. 1997).

When the court signs an order on the plaintiff's nonsuit, the dismissal does not prevent the defendant from being heard on his own claims for affirmative relief, if any. *See* TEX. R. CIV. P. 96, 162; *Univ. of Tex. Med. Branch at Galveston v. Estate of Blackmon*, 195 S.W.3d 98, 100 (Tex. 2006). However, after a plaintiff takes a nonsuit against a defendant, a defendant who has no outstanding claims for affirmative relief, is no longer a party to the suit with standing to appeal. *See, e.g., United Oil & Minerals, Inc. v. Costilla Energy, Inc.*, 1 S.W.3d 840, 844 (Tex. App.–Corpus Christi 1999, pet. dism'd); *Preston v. American Eagle Ins. Co.*, 948 S.W.2d 18, 21 (Tex. App.–Dallas 1997, no writ). When the plaintiff nonsuits her claims, there is no longer a case or controversy and the court of appeals has no jurisdiction over the suit. *See, e.g., Estate of Blackmon*, 195 S.W.3d at 101.

In the instant case, Hirner made only a general denial; he pleaded no counterclaims. Hirner made no motions for sanctions nor requests for attorney's fees. While Hirner had moved, prior to Doe's nonsuit, to "suppress" his deposition testimony, such a motion is not an independent claim for affirmative relief that survives the motion for nonsuit. *See Le v. Kilpatrick*, 112 S.W.3d 631, 634 (Tex. App.–Tyler 2003, no pet.) (To qualify as a claim for "affirmative relief" that is not affected by a plaintiff's nonsuit, a defensive pleading must allege that the defendant has a cause of action, independent of the plaintiff's claim, on which he could recover benefits, compensation, or relief, even though the plaintiff may abandon her cause of action or fail to establish it.). Since Hirner had no outstanding claims for affirmative relief, by virtue of Doe's nonsuit of her claims against him, he ceased to be a party to the suit with standing to appeal. Therefore, we are without jurisdiction to consider Hirner's appeal. *See Estate of Blackmon*, 195 S.W.3d at 101.

## DISPOSITION

Having held that Hirner lacks standing to appeal, we *dismiss* the appeal for *want of jurisdiction*.

BRIAN HOYLE
Justice

Opinion delivered June 30, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*
(PUBLISH)

2