Affirmed
and Memorandum Opinion filed February 9, 2010.

In
The

Fourteenth
Court of Appeals



NO.
14-08-00610-CV



Gerald K.
Johnson, Appellant 

v.

Christine Evans
and Frederick M. Evans, Appellees 



On Appeal from the 3rd District Court

Anderson County, Texas

Trial Court Cause No. 3-39909



 

M E M O R A N D U M   O P I N I O N

The crux of this appeal concerns the effect of a
partial nonsuit filed by appellees, Christine Evans and Frederick M. Evans
(collectively “the Evanses”).  The Evanses, co-owners of two tracts of
land in Anderson County, filed a partition action seeking division of the
property according to their respective interests in the land.  Appellant,
Gerald K. Johnson, also claimed an interest in both tracts of land and,
accordingly, filed an answer in the lawsuit.  The trial court later
determined the parties’ respective interests and appointed commissioners to
partition both tracts of land.  Thereafter, the Evanses moved to nonsuit
their claim with respect to the first tract of land, effectively petitioning
that only the second tract be physically divided.  The trial court granted
the nonsuit and later signed a judgment partitioning only the second tract of
land.  Johnson now appeals from the partition judgment, claiming that the
nonsuit and partition judgment were improper.  We affirm.  

I.  BACKGROUND

The Evanses were joint owners of two tracts of land
located in Anderson County.  Tract 1 consisted of approximately 45.59
acres, and Tract 2 consisted of approximately 45.78 acres.  Prior to the
filing of the underlying lawsuit, the Evanses occupied 7/8 of Tract 1. 
While occupying that portion of Tract 1, the Evanses made valuable improvements
on the land.  With respect to Tract 2, the Evanses occupied approximately
1/2 of the tract and also made valuable improvements on that portion of the
property.  The other half of Tract 2 was occupied by Johnson.

A.  Partition Action

On March 10, 2005, the Evanses filed a partition
action, originally seeking to establish their rights and title to Tracts 1 and
2 and to partition both tracts of land.  In their original petition for
partition, the Evanses claimed a 7/8 interest in Tract 1 and a 1/2 interest in
Tract 2.  The Evanses named Eldredge Jasper and his heirs (collectively
“Jasper heirs”) as defendants and the owners of the other 1/8 interest in Tract
1 and the remaining 1/2 interest in Tract 2.  The Evanses requested that
the tracts be partitioned according to the parties’ respective interests. 
The Evanses further alleged that they had made valuable improvements on both
tracts of land and requested title to and possession of the portion of the land
containing their improvements. 

Johnson filed a general answer, claiming the
remaining 1/2 interest in Tract 2 by virtue of adverse possession and a
recorded deed in the name of Martha Barnett and her heirs.  Johnson also
claimed right and title to the remaining 1/8 interest in Tract 1 as an heir of
Eldredge Jasper.  In his answer, Johnson requested title to and possession
of the southeasterly half of Tract 2, the portion he occupied, and that the
Evanses be awarded the remaining 1/2 located on the northwesterly portion of
the tract.  

B.  First Judgment: Ownership Rights 

On July 7, 2005, the trial court conducted a hearing
to determine the parties’ interests in the two tracts of land.  At the
conclusion of the hearing, the trial court determined that the Evanses owned an
undivided 7/8 interest in Tract 1 and the Jasper heirs owned the remaining
undivided 1/8 interest.  As to Tract 2, the trial court determined that the
Evanses owned an undivided 1/2 interest and the Jasper heirs and Johnson owned
the other 1/2 interest.  The trial court further determined that both
tracts were susceptible to partition and ordered the tracts to be partitioned
according to the parties’ respective interests.  Accordingly, the trial
court appointed commissioners to make a report recommending partition
parameters.  The trial court also signed a decree declaring the parties’
interests and ordering said partition.  No appeal was taken from this
judgment.

Thereafter, the commissioners made their initial
partition proposal, recommending an equal division of Tract 2.  As to
Tract 1, the commissioners proposed that the 1/8 interest shared
between the Jasper heirs and Johnson be partitioned in the form of an easement
to allow access to Tract 2.  Johnson filed objections to the report,
contending that the partitioned 1/8 on Tract 1 contained large ravines making
it impossible to improve his portion of Tract 1.  He further argued that
the size of the easement recommended by the commissioners was unnecessary and
unfair.  Nevertheless, the trial court disregarded Johnson’s
objections.  

C.  Nonsuit and Revised Commissioners’ Report

On August 22, 2006, the Evanses filed an amended
petition, removing Tract 1 from the suit.[1] 
 The cause then proceeded to partition only Tract 2.  Johnson made
oral and written objections to the nonsuit, requesting that both tracts be
partitioned.   Because Johnson had not filed a counterclaim
requesting partition of Tract 1, the trial court encouraged Johnson to file a
counteraction to keep Tract 1 in the lawsuit.  After Johnson failed to
file a counterclaim seeking relief regarding Tract 1, the trial court denied
Johnson’s objections and granted the nonsuit.  Thereafter, the
commissioners made a revised proposal, partitioning only Tract 2.  Similar
to the initial proposal, the commissioners proposed that the Evanses, on one
side, and the Jasper heirs and Johnson, on the other side, each be awarded
equal-sized parcels of 22.89 acres.  

Johnson objected to the revised commissioners’
report, contending that the report improperly omitted Tract 1 from partition
and that the revised report was inconsistent with the trial court’s previous decree
determining ownership and ordering partition of both tracts of land. 
Johnson also requested that the funds deposited with the court for survey be
released to him, not to the court-appointed surveyor Lynn Smith.  Johnson
contended that the funds deposited for survey should not have been paid to
Smith because he had failed to perform his “surveyor duties” in a timely
manner.  The trial court denied Johnson’s request and released the funds
to Smith.  Johnson also objected to any award of attorney ad litem fees,
contending that the ad litem had failed to prove his costs by sworn
affidavit.  The trial court also denied Johnson’s objection to the award
of ad litem fees.

D.  Final Partition Judgment

On January 10, 2008, the trial court signed a final
judgment partitioning Tract 2 in accordance with the commissioners’ revised
report—dividing Tract 2 into two equal-sized parcels of 22.89 acres.  In
its final partition judgment, the trial court also ordered that the Evanses and
Johnson split the fees awarded to the commissioners, the surveyor, and the ad
litem.

Johnson now challenges the trial court’s final
partition judgment.  In eight issues consolidated and taken out of order,
Johnson contends that:  (1) the trial court erred by granting the Evanses’
nonsuit; (2) the trial court erred by approving the commissioners’ revised
report and signing the final partition judgment in conformity with the revised
report; (3) the trial court’s findings of fact and conclusions of law were
erroneous; (4) the trial court erred by awarding surveying costs to Lynn Smith;
and (5) the trial court erred by awarding ad litem fees. 

II.  APPLICABLE LAW

Unlike most other proceedings, a partition cause
involves two final appealable judgments.  Griffin v. Wolfe, 610
S.W.2d 466, 466–67 (Tex. 1980) (per curiam); Ellis v. First City Nat’l Bank,
864 S.W.2d 555, 557 (Tex. App.—Tyler 1993, no writ).  In the first
judgment, the trial court:  (1) determines the interests of each of the
joint owners or claimants in the real estate sought to be divided and decides
all questions of law and equity affecting the title to such land; (2)
determines whether the property is susceptible to partition or the subject of a
sale; and (3) appoints commissioners to partition the property in accordance
with the respective shares or interests of each of such parties entitled
thereto.  Ellis, 864 S.W.2d at 557; see also Tex. R. Civ. P.
760, 761.  Although the first judgment has been characterized as
preliminary, it is final for purposes of appeal.  Ellis, 864 S.W.2d
at 557.  Matters decided in the first decree cannot be reviewed in an
appeal from the second judgment.  Id.

In the second judgment, the court approves the
commissioners’ report and partitions the property in kind or by sale.  Campbell
v. Tufts, 3 S.W.3d 256, 259 (Tex. App.—Waco 1999, no pet.).  If,
however, the trial court finds the report “to be erroneous in any material
respect, or unequal and unjust,” the trial court rejects the report and
appoints other commissioners to partition the land.  Id. (citing Martin
v. Dosohs I, Ltd., 951 S.W.2d 821, 824 (Tex. App.—San Antonio 1997, no
writ)); see also Tex. R. Civ. P. 771.  A party objecting to the
commissioners’ report has the burden of proving that the report is materially
erroneous or that it unequally and unjustly partitions the property.  Ellis,
864 S.W.2d at 557; Roberts v. Philpot, 435 S.W.2d 614, 615 (Tex. Civ.
App.—Tyler 1968, no writ).

III.  DISCUSSION

In issues two through five and seven, Johnson
contends that the trial court erred by granting the Evanses’ nonsuit and that
the final partition judgment should be reversed because it did not partition
Tract 1.  

A.  Nonsuit

In Texas, a plaintiff generally has a right to take a
nonsuit at any time until he introduces all evidence other than rebuttal evidence. 
Tex. R. Civ. P. 162.  Such a nonsuit may have the effect of vitiating
earlier interlocutory orders.  Hyundai Motor Co. v. Alvarado, 892
S.W.2d 853, 854–55 (Tex. 1995) (per curiam); Le v. Kilpatrick, 112
S.W.3d 631, 634 (Tex. App.—Tyler 2003, no pet.).  Although a nonsuit may
have the effect of vitiating a trial court’s earlier interlocutory orders, a
nonsuit does not vitiate a trial court’s previously made decision on the merits
that is final for purposes of appeal.  Kilpatrick, 112 S.W.3d at
634.  Furthermore, any dismissal pursuant to rule 162 shall not prejudice
the right of an adverse party to be heard on a pending claim for affirmative
relief.  Tex. R. Civ. P. 162.  Thus, a plaintiff has an absolute
right to a nonsuit as long as the defendant has not made a claim for
affirmative relief.  Cook v. Nacogdoches Anesthesia Group, L.L.P.,
167 S.W.3d 476, 482 (Tex. App.—Tyler 2005, no pet.).  If the defendant has
a pending claim for affirmative relief, the plaintiff’s nonsuit is effective
for its own claims, but not for those of the defendant.  See Tex.
R. Civ. P. 96, 162.  A defendant does not seek affirmative relief by
claims that merely resist the plaintiff’s right to recover.  Kilpatrick,
112 S.W.3d at 634.  The primary issue in this case is whether civil
procedure rule 162 allows a plaintiff, in a partition action, to use the
procedural vehicle of nonsuit to remove its request to physically partition
land subject of the suit after the trial court has determined ownership.

The instant partition suit involves two judgments,
both independent of one another.  See Griffin, 610 S.W.2d at
466.  The issues litigated in the first judgment—ownership and
susceptibility to partition—were distinct from the issue to be adjudicated in
the second judgment—physical partition.  Correspondingly, in the
proceedings below, the trial court adjudicated ownership in the first
judgment:  the Evanses owned an undivided 7/8 interest in Tract 1 and the
Jasper heirs owned the remaining undivided 1/8 interest; the Evanses owned an
undivided 1/2 interest in Tract 2 and the Jasper heirs and Johnson owned the
other 1/2 interest.  After the trial court adjudicated ownership in the
first judgment, it then proceeded to adjudicate the second claim—physical
partition of both tracts.  However, before the Evanses’ physical-partition
claims were adjudicated, the Evanses moved to nonsuit their claim to partition
Tract 1.  See Cook, 167 S.W.3d at 482 (recognizing that a party may
choose to take a nonsuit as to some claims without nonsuiting the rest of the
pending claims).  Because ownership had been adjudicated at the time of
nonsuit, the nonsuit could not, and did not, alter ownership.  See
Alvarado, 892 S.W.2d at 855 (“Once a judge announces a decision that
adjudicates a claim, that claim is no longer subject to the plaintiff’s right
to nonsuit.”).  For that reason, the Jasper heirs’ 1/8 interest in Tract 1
was untouched and unaffected by the Evanses’ nonsuit.  

Procedurally, the issue of ownership was not pending
at the time of nonsuit; the only claim pending at the time of nonsuit was the
claim to physically divide both tracts of land.  As a pending claim, yet
to be litigated, physical partition of Tract 1 was amenable to nonsuit.  See
Kilpatrick, 112 S.W.3d at 634 (“[A] nonsuit vitiates any . . . claims that
are pending as to a defendant against whom a nonsuit is taken.”). 
Furthermore, the first judgment did not establish Johnson’s right to Tract
1.  The first judgment determined that only the Evanses and the Jasper
heirs had ownership rights to Tract 1.  While Johnson claimed an interest
in Tract 1 as an heir of Eldredge Jasper, Johnson did not file a counterclaim
or otherwise seek affirmative relief to prove his heirship.  Moreover,
Johnson did not file a counterclaim or otherwise make a request for affirmative
relief to partition Tract 1.  See Kilpatrick, 112 S.W.3d at
634.  For these reasons, we conclude that the trial court did not err in
granting the Evanses’ nonsuit.[2]

B.  Commissioners’ Report and Final Partition Judgment

Johnson further contends that the commissioners’
revised report and the trial court’s final partition judgment, adopting the
revised report, were improper because neither document proposed or ordered
partition of Tract 1.  Specifically, Johnson contends that the
commissioners, in their revised report, and the trial court, in its final
partition judgment, should have partitioned Tract 1 because:  (1) the
nonsuit was improper and (2) the trial court found both tracts to be
susceptible to partition and ordered both tracts to be partitioned. 
Johnson further contends that by failing to address partition of Tract 1, the
final partition judgment was inconsistent with the first judgment. 

As discussed above, the nonsuit did not affect the
first judgment.  Similarly, the commissioners’ revised report and the
final partition judgment did not relitigate the issue of ownership.  At
the time the commissioners revised their report and at the time the trial court
rendered its second judgment, ownership was conclusive and not subject to
amendment.  The only pending claim at the time the commissioners revised
their report and at the time the trial court rendered its second judgment was
partition of Tract 2.  Therefore, the commissioners and the trial court did
not err in addressing only the Evanses’ partition claim on Tract 2. 
Furthermore, the fact that Tract 1 was not partitioned in the second judgment
did not render that judgment inconsistent with the first judgment.  The
partition claim on Tract 1 was no longer before the trial court at the time it
rendered the second judgment.

We also reject Johnson’s claim that the trial court
was without jurisdiction to:  (1) consider the nonsuit; (2) allow the
Evanses to file their amended petition; and (3) authorize the commissioners to
revise their report.  A partition proceeding is conducted in successive
stages, and the trial court retains jurisdiction at each stage.  See
Pfeffer v. Meissner, 286 S.W.2d 241, 248 (Tex. Civ. App.—Fort Worth
1955, writ ref’d n.r.e.).  Rendition of the first judgment does not divest
the trial court of jurisdiction to carry out partition in the second
stage.  See id.  Accordingly, after rendering the first
judgment, the trial court retained jurisdiction over the cause to partition the
land.[3] 


We conclude that the trial court did not err in
granting the nonsuit, accepting the commissioners’ revised report, and
partitioning only Tract 2 in the final partition judgment.  Accordingly,
we overrule Johnson’s second, third, fourth, fifth, and seventh issues.  

C.  Findings of Fact

In his first issue, Johnson claims that the trial
court erred in its findings of fact and conclusions of law.  Johnson also acknowledges
in his brief that he requested additional findings and conclusions.  In
the trial court, Johnson filed a request for findings of fact and conclusions
of law.  In turn, the trial court made the following findings and
conclusions:

Findings of
Fact

1.  The Commissioners in Partition previously
appointed by the Court to partition the property at issue filed their Report of
Commissioners on November 7, 2007.

2.  Although Defendant, Gerald K. Johnson, filed a
Response and Objection to Report of Commissioners on December 7, 2007, he made
no specific written or oral legal objections as to the reports being materially
erroneous or unequal or unjust in any respect.

3.         The
Report of Commissioners is not unequal, unjust, or erroneous in any material
respect.

Conclusions of
Law

1.         The partition
made by the Commissioners as reflected in their Report of Partition is fair and
lawful in all respects.

Ten days after the trial court filed the above
findings and conclusions, Johnson requested that the trial court amend its
findings by recognizing that the following had been filed with the district
clerk’s office:  (1) Decree Ordering Partition and Appointing
Commissioners; (2) Preliminary Commissioners’ Report; (3) Objections to
Preliminary Commissioners’ Report; (4) Judgment and Announcement of Nonsuit;
(5) Continuance on Motion to Dismiss Nonsuit and Order Granting Nonsuit; (6)
Motion to Vacate Nonsuit Order and Enforce Decree Ordering Partition; (7) Order
Overruling Motion to Vacate Nonsuit Order and Enforce Decree Ordering
Partition; and (8) Report of the Commissioners.  Each of these pleadings
and orders are part of the clerk’s record before us.  Furthermore, in his
appellate brief, Johnson does not direct this Court to any case law, rule, or
statute indicating that the trial court was obligated to enter findings of fact
or conclusions of law more detailed or comprehensive than those which were
originally issued.  See Tex. R. App. 38.1(i) (“The [appellant’s]
brief must contain a clear and concise argument for the contentions made, with
appropriate citations to authorities and to the record.”).  Accordingly,
we overrule Johnson’s first issue.

D.  Award of Survey Costs

In his sixth issue, Johnson contends that the trial
court erred by awarding surveying costs to Lynn Smith.   Johnson’s
objection on appeal does not comport with the objection made in the trial
court.  See Phippen v. Deere & Co., 965 S.W.2d 713, 716 (Tex.
App.—Texarkana 1998, no pet.); see also Tex. R. App. P.
33.1(a)(1).  In the trial court, Johnson argued that the Eldredge heirs
should have also contributed to the survey costs according to their adjudicated
share in the land.  Johnson further argued that Smith was not entitled to
any fees because he had delayed the survey.   In contrast, on appeal,
Johnson argues that Smith was erroneously awarded fees based upon the surveying
of both tracts of land, when in fact Smith surveyed only Tract 2.  Johnson
now contends that the award was erroneous because Smith was awarded excessive
fees to the extent that he was awarded fees for surveying land that was no
longer subject to partition.  Because Johnson’s complaint in the trial
court does not comport with his appellate complaint, he has waived error.[4]   See Tex. R. App. P.
33.1(a)(1). 

E.  Award of Ad Litem Fees

In his eighth issue, Johnson claims that the trial
court erroneously awarded attorney ad litem fees.  Specifically, Johnson
argues that the ad litem, Martin Lawrence, was not entitled to recover attorney
ad litem fees because he did not execute a sworn affidavit reflecting the
amount of hours spent on the suit, the description of services performed, his
billable rate, the fees incurred, and the reasonableness of such fees.  In
this case, the trial court was required to appoint an ad litem, determine a reasonable
fee for the ad litem’s services, and assess such costs against the
parties.  See Tex. R. Civ. P. 244, 759 (mandating that the trial
court appoint an attorney ad litem to defend the defendants cited by
publication); Tex. R. Civ. P. 759, 778 (requiring that the trial court fix the
ad litem’s fees and assess such fee against the parties).

The amount of compensation awarded to an ad litem
lies within the sound discretion of the trial court, and a reviewing court will
not overturn a fee award absent evidence showing a clear abuse of
discretion.  See Simon v. York Crane & Rigging Co., 739 S.W.2d
793, 794 (Tex. 1987); In re Guardianship of Glasser, 297 S.W.3d 369, 377
(Tex. App.—San Antonio 2009, no pet.).  A trial court abuses its
discretion when it acts arbitrarily, unreasonably, or without reference to any
guiding rules and principles of law.  Downer v. Aquamarine Operators,
Inc., 701 S.W.2d 238, 241–42 (Tex. 1985).  In making a fee award, a
trial court may consider: (1) the time and labor involved; (2) the nature and
complexity of the case; (3) the amount of money or value of the property or
interest involved; (4) the extent of the responsibilities assumed by the
attorney; (5) whether the attorney lost other employment because of the undertaking;
(6) the benefits resulting to the client from the services; (7) the contingency
or certainty of compensation; and (8) whether employment is casual or for an
established or constant client.  Alford v. Whaley, 794 S.W.2d 920,
925 (Tex. App.—Houston [1st Dist.] 1990, no writ).

Johnson does not argue that the trial court’s award
of attorney’s fees was not just or was excessive.  Rather, Johnson
contends that the award was improper in the absence of a sworn affidavit of the
reasonableness of the ad litem’s fees.  However, Johnson cites to no
authority supporting the proposition that an affidavit is a condition precedent
to an award of ad litem fees.  See Tex. R. App. P. 38.1(i); compare
Alford, 794 S.W.2d at 925 (“There is no requirement that there be evidence
in the record to support a court’s award of attorney’s fees to a[n] . . . ad
litem.”).  While there are no time records reflecting the precise amount
of time spent handling the case, the record reflects some evidence of the
actual legal services rendered by the ad litem and evidence that the fee
awarded was reasonable. 

The ad litem was appointed to represent a number of
unknown heirs and filed pleadings on their behalf.  Lawrence attended and
participated in hearings relating to the partitioning of the property. 
Moreover, the underlying proceeding continued for two and a half years, and the
ad litem successfully protected his clients’ ownership interests in Tracts 1
and 2.  At the conclusion of the proceeding, the trial court determined in
its final partition judgment that “in light of the difficulty and complexity of
making the partition,” $3,000.00 was a reasonable fee for Lawrence’s ad litem
services.  See Alford, 794 S.W.2d at 925 (reasoning that in
determining the reasonableness of ad litem fees, the appellate court may look
at the record and draw on the common knowledge of the court justices and their
experience as lawyers and judges to view the matter in light of the testimony,
the record, the complexity of the case, and the amount in controversy). 
We find that the trial court did not act arbitrarily, unreasonably, or without
reference to any guiding rules and principles of law in awarding the ad litem
$3,000.00 for services rendered in the underlying suit.  Accordingly, we
overrule Johnson’s eighth issue.

           
Having overruled all of Johnson’s appellate issues, we affirm the trial court’s
judgment.

 

 

                                                                                   


                                                                       
/s/        Adele Hedges

                                                                                   
Chief Justice

 

 

 

Panel consists of Chief Justice Hedges
and Justices Seymore and Sullivan.

 














[1]
Prior to filing their amended petition, the Evanses orally moved for nonsuit
during a hearing.  Although the record is unclear as to the exact date of
this particular hearing in which the Evanses first moved to nonsuit, the record
does reveal that during the September 1, 2005 hearing, the Evanses referred to
their having previously moved for nonsuit and orally reurged their nonsuit on
Tract 1.





[2]
Johnson also contends that the nonsuit was improper under the doctrines of res
judicata and collateral estoppel.  Because ownership was not affected by
the nonsuit and because the partition claim was still pending at the time of
nonsuit, res judicata and collateral estoppel are not implicated.  See
Lone Star Partners v. NationsBank Corp., 893 S.W.2d 593, 597 (Tex.
App.—Texarkana 1994, writ denied) (affirming that the rule of “[r]es judicata
precludes relitigation of claims that have been finally adjudicated,” while
“collateral estoppel prevents the relitigation of particular issues already
resolved in a prior suit”). 





[3]
Without authority, Johnson also argues that the trial court had a “duty of sua
sponte and stare decisis” to deny the nonsuit.  Johnson cites
to no authority to support this argument, and prevailing case law, as explained
above, gave the Evanses a right to nonsuit.  Accordingly, we reject this
argument. Johnson additionally claims, in an isolated sentence, Judge Parsons
should have recused himself.  Because no objection was made in the trial
court, this issue is waived.  See Tex. R. App. P. 33.1(a).





[4]
Even if Johnson had preserved error, there is no evidence in the record that
the survey costs awarded to Smith were based upon the partitioning of two tracts
of land.  The first commissioners’ report recommending a partition of
Tracts 1 and 2 made no mention or reference to the survey costs.  The
record reflects that the survey costs were not assessed until after Tract 2,
and only Tract 2, was surveyed.  Additionally, the trial court found that
these fees were reasonable and necessary in its final partition judgment.