# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-16-00091-CV

**Veronica L. Davis and James A. Davis, Appellants**

**v.**

**State Farm Lloyds Texas and Gerald Krouse, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT
### NO. D-1-GN-13-001724, HONORABLE AMY CLARK MEACHUM, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The underlying proceeding, a suit filed by Veronica L. Davis and her son James A. Davis against State Farm Lloyds Texas and Gerald Krouse, was dismissed after the Davises filed a notice of nonsuit.[1] The Davises then filed a motion to reinstate the case, which the trial court denied. In this appeal, the Davises challenge several orders signed by the trial court during the course of the proceeding as well as the trial court's order denying their motion to reinstate. We will affirm.

## BACKGROUND

The Davises originally sued State Farm and Krouse, one of its policy holders, alleging that State Farm mishandled three claims under an automobile insurance policy arising out

---

[1] Veronica Davis, an attorney licensed to practice law in the State of Texas, is representing herself and her son.

of three separate motor vehicle accidents, only one of which involved Krouse.[2]  The Davises also asserted that State Farm mishandled a claim for mold damage under a homeowners insurance policy.  State Farm filed a motion to sever the automobile claims from the mold claim.  After a hearing, the trial court signed an order severing the claims under the automobile insurance policy from the claim under the homeowners insurance policy.  The severance order also abated the breach of contract and contractual claims against State Farm until resolution of the tort claims to determine liability and damages, if any, arising out of the automobile accidents.  The clerk of the court thereafter docketed the auto claims separately and assigned them cause number D-1-GN-13-001724, which is the proceeding underlying this appeal.[3]

Thereafter, the trial court signed a scheduling order setting the case for trial on July 20, 2015.  On the Davises' motion, filed five days before the trial setting, the court continued the case and reset it for trial on November 16, 2015.  That day, the Davises filed a notice of nonsuit in which they stated that they were not ready for trial and therefore had "no choice but to nonsuit." According to the notice of nonsuit, on November 14 Veronica Davis was informed by the court coordinator that Krouse's counsel had announced that he was ready for the November 16 trial. Davis notified the court coordinator that she was not ready and, according to Davis, the court coordinator advised her to file a motion for continuance.  Davis then "filed a fax with the court coordinator's office that she was out of state."  The notice of nonsuit states that, on the day of the

---

[2]  The other accidents were a rear-end collision and a collision with a deer.

[3]  The homeowners claim, docketed under cause number D-1-GN-12-004077, was resolved by summary judgment in State Farm's favor, and that judgment was affirmed on appeal. *See Davis v. State Farm Lloyds Tex.*, No. 03-14-00546-CV, 2016 WL 1084177 (Tex. App.—Austin Mar. 17, 2016, pet. denied) (mem. op.).

trial, the Davises were late for docket call and arrived after counsel for Krouse had announced that the parties were ready for trial. Upon her arrival, Davis told the court that she was not ready and that she had filed a motion for continuance. When the court stated that there was no motion for continuance in the record, Davis showed the court her copy. The record does not include a reporter's record of these proceedings. However, according to the Davises' notice of nonsuit, the court denied the motion for continuance because it was not verified. The notice of nonsuit states that Davis then informed the court that James Davis could not be present at trial on Thursday of that week because his attendance at school was mandatory that day. According to the nonsuit, although the court proposed a trial schedule to accommodate James's schedule, Veronica Davis could not "handle such an arduous schedule" because it would require too many trips between the courthouse and her house, which was three and a half hours away. The nonsuit states that the court reminded the Davises that, as plaintiffs, they had chosen the forum; denied the continuance; and stated that the trial would go forward. The court also apparently struck some late-filed medical records. The Davises then filed a notice of nonsuit, and the trial court signed an order dismissing the case.

One month later, the Davises filed a motion to reinstate the case they had nonsuited, arguing that the trial court abused its discretion by denying the request for a continuance on the day of trial. According to the Davises, once the continuance was denied they could not go forward with the trial—presumably because they were not prepared to present their case—and, consequently, had "no choice" but to nonsuit their case. For this reason, the Davises argued that the court should reinstate the case. The trial court denied the motion to reinstate. This appeal followed.

## DISCUSSION

We first consider the Davises' argument, brought in their first issue, that the trial court's judgment is interlocutory and, consequently, this Court should remand the cause to the trial court for trial on the merits and final disposition. According to the Davises, this case dealt only with the claim against Krouse and did not address either the contract claims against State Farm or the claims arising out of the accident with the deer and the rear-end collision. The Davises' argument is based on their interpretation of a severance order that this Court discussed at length in a prior opinion, *see Davis v. State Farm Lloyds Texas*, No. 03-14-00546-CV, 2016 WL 1084177 (Tex. App.—Austin Mar. 17, 2016, pet. denied) (mem. op.), and on an order signed by the court granting Krouse's special exceptions in which the court stated that the issue "in this cause shall be the personal injury claims" against Krouse and "a separate trial shall be had against State Farm for the UM/UIM claim after the judgment has been rendered in this cause, if liability is found in excess of Mr. Krouse's policy limits." Any dispute about which claims were actually severed into Docket No. D-G-GN-13-001724 is, however, of no consequence to the finality of the trial court's order dismissing the case. The trial court signed an order dismissing the case after the Davises filed a notice of nonsuit of the entire case. "An order that disposes of all remaining parties and claims, based on the record in the case, is final regardless of its language." *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001). The dismissal order in this case was final because it dismissed whatever claims and parties were before it in Cause No. D-1-GN-13-001724, irrespective of how the Davises characterize those claims or who they believe was a party to the proceeding. We overrule the Davises' first issue.

4

In their second issue, the Davises argue that the trial court erred by denying their motion to transfer venue. As previously noted, the Davises filed a notice of nonsuit of all their claims. "One unique effect of a nonsuit is that it can vitiate certain interlocutory orders, rendering them moot and unappealable." *Villafani v. Trejo*, 251 S.W.3d 466, 469 (Tex. 2008); *University of Tex. Med. Branch at Galveston v. Estate of Blackmon ex rel. Schultz*, 195 S.W.3d 98, 101 (Tex. 2006) (interlocutory appeal of trial court's denial of plea to jurisdiction must be dismissed after nonsuit of proceedings in trial court); *In re Bennett*, 960 S.W.2d 35, 38 (Tex. 1997) (per curiam) (plaintiff's nonsuit has effect of vitiating earlier interlocutory orders, with certain notable exceptions including decision on merits such as summary judgment); *General Land Office v. OXY U.S.A., Inc.*, 789 S.W.2d 569, 571 (Tex. 1990) (when underlying action is dismissed, temporary injunction is dissolved automatically and appeal of that temporary injunction becomes moot); *Huan Le v. Kirkpatrick*, 112 S.W.3d 631, 634 (Tex. App.—Tyler 2003, no pet.) (holding that nonsuit vitiates order denying special appearance because such order does not "reflect [] any judgment on the merits of the case"). A motion to transfer venue does not reflect any judgment on the merits of the case, nor does it constitute a defendant's pending claim for affirmative relief. Consequently, the Davises' nonsuit of the case vitiated the trial court's order on the motion to transfer, rendering it moot and, consequently, unappealable. *Paselk v. Rabun*, 293 S.W.3d 600, 607 n.9 (Tex. App.—Texarkana 2009, pet. denied) (complaints about trial court's interlocutory orders concerning causes of action not disposed of in partial summary judgment and voluntarily dismissed by nonsuit are moot). We overrule the Davises' second issue.

For the same reason, we overrule the Davises' third issue, in which they complain that the trial court erred in granting a motion to revise an order on a motion to compel discovery and for

5

sanctions that the Davises had filed against Krouse, and their seventh issue, in which they appear to complain of the court's evidentiary rulings on certain medical records. We also overrule the Davises' fifth issue, in which they argue that the trial court erred by refusing to grant a motion for continuance they filed on the eve of trial. We do note, however, that although the appellate record does not include a motion for continuance filed by the Davises, both the nonsuit and motion to reinstate reflect that the Davises' motion for continuance was unverified. Rule 251 of the Texas Rules of Civil Procedure governs continuances and provides that no continuance may be granted "except for sufficient cause supported by affidavit, or by consent of the parties, or by operation of law." Tex. R. Civ. P. 251. The supreme court has instructed that generally, when the movant fails to comply with the requirement that the motion for continuance be "supported by affidavit," we are to presume that the trial court did not abuse its discretion in denying the motion. *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986). Consequently, were it before us, we would apply that presumption and conclude that the trial court did not abuse its discretion in denying the Davises' unverified motion for continuance. *See Zeifman v. Nowlin*, 322 S.W.3d 804, 811-12 (Tex. App.—Austin 2010, no pet.).

In their fourth issue, the Davises complain that the trial court erred in sustaining the indigency contest as to appellant James A. Davis.[4] After the trial court sustained the contest, James A. Davis filed a "Notice of Appeal of the Court's Denial of Indigence" in which he sought to challenge the trial court's order. We treated his notice as a motion for appellate review under Rule 20.1(j) of the Texas Rules of Appellate Procedure. *See* Tex. R. App. P. 20.1(j) (if trial court

---

[4] Veronica Davis had also filed an affidavit of indigence, which was contested, but withdrew it before the hearing on the contest.

sustains contest, party claiming indigence may seek review of court's order by filing motion challenging order with appellate court without advance payment of costs). After reviewing the motion and the record, we concluded that the trial court did not abuse its discretion in sustaining the contest and issued an order denying the motion. *Davis v. State Farm Lloyds Tex.*, No. 03-16-00091-CV; 2016 WL 1305774, at *1 (Tex. App.—Austin Mar. 31, 2016, order). Thus, this Court has already determined that there was no error in sustaining the indigency contest as to James A. Davis. The Davises' fourth appellate issue is overruled.

In their sixth issue, the Davises assert that the trial court erred by denying the motion to reinstate that they filed one month after they nonsuited their case. We review an order denying a motion to reinstate under an abuse of discretion standard. *See Smith v. Babcock & Wilcox Constr. Co.*, 913 S.W.2d 467, 468 (Tex. 1995) (per curiam) (decision on motion to reinstate is reviewed for abuse of discretion). The trial court refused to reinstate the case after the Davises filed a nonsuit on the day of trial. On appeal, the Davises argue that the actions of the trial court, specifically its denial of their unverified motion for continuance, "forced" the Davises to nonsuit their case such that the denial of the motion to reinstate constituted an abuse of discretion. The record does not reflect that the trial court was in any way responsible for the Davises' lack of preparation for a trial setting that had been established four months previously in a case that had been on file for almost four years. As set forth above, the trial court did not err in denying the Davises' eleventh-hour unverified motion for a continuance. Moreover, the trial court did not err by dismissing the case after the Davises filed a nonsuit of their claims. We conclude that the trial court's refusal to grant the Davises' motion to reinstate the case was not an abuse of discretion. We overrule the Davises' sixth issue.

7

**CONCLUSION**

Having overruled each of the Davises' appellate issues, we affirm the trial court's judgment.

_____

Scott K. Field, Justice

Before Justices Puryear, Pemberton, and Field

Affirmed

Filed: November 17, 2016